UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>KUNAL BANSAL, an individual, d/b/a LAVICHEATS.COM; and DOES 1-30, inclusive,<br><br>        Defendants. | Case No. 2:21-cv-1111<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bungie, Inc. ("**Bungie**"), for its Complaint against Defendants Kunal Bansal, d/b/a Lavicheats.com, and Does 1 through 30, hereby alleges as follows:

### INTRODUCTION

1.      Bungie is the owner of the online, multiplayer first-person shooter video game franchise "Destiny." Bungie's most recent chapter in the Destiny franchise—Destiny 2—has been commercially successful and drawn together a strong and enthusiastic community, with tens of millions of Destiny 2 players.

2.      Defendants market, promote, distribute, sell and/or support software, known as "cheats" or "hacks", for use while playing Destiny 2 that give players using Defendants' cheats an unfair advantage over legitimate players in the Destiny 2 shared world. These cheats devalue the playing experience for Destiny 2 and have caused, and continue to cause, serious and irreparable harm to Bungie.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

3.      Bungie asserts claims against Defendants for trafficking in circumvention devices under the Digital Millennium Copyright Act, copyright infringement, trademark infringement and other violations of the Lanham Act, as well as state law claims. Bungie is entitled to monetary damages and injunctive and equitable relief for Defendants' serious violations of Bungie's rights as described herein.

### THE PARTIES

4.      Bungie is a corporation formed under the laws of the State of Delaware, with its principal place of business located in Bellevue, Washington.

5.      Upon information and belief, Defendant Kunal Bansal, a/k/a "Lavi" ("**Bansal**" and, collectively with the other defendants, "**Defendants**"), is an individual residing in Bathinda, Punjab, India. Upon information and belief, Bansal is the owner, operator and/or administrator of the Lavicheats website, located at lavicheats.com (the "**Lavicheats Website**"), and may also act as a moderator on the Lavicheats Website and provide support to Lavicheats customers. Upon information and belief, among other activities, Bansal assists customers in completing the purchase of Lavicheats, responds to customers' questions and complaints, and actively promotes Lavicheats on other platforms or websites.

6.      Upon information and belief, Doe 1 a/k/a "Maximus" is a member of the Lavicheats support staff whose activities include, among other things, managing customer support tickets. Upon information and belief, Maximus also promotes Lavicheats on other platforms or websites.

7.      Upon information and belief, Doe 2 a/k/a "Alfred" and/or "ShaktiMaan" is a member of the Lavicheats support staff whose activities include, among other things, managing customer support tickets. Upon information and belief, Alfred/ShaktiMaan also promotes Lavicheats on other platforms or websites.

8.      Upon information and belief, Doe 3 a/k/a "Eivor" and/or "Oracle" is a member of the Lavicheats support staff whose activities include, among other things, managing customer support tickets.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

9.      The true names and capacities, whether individual, corporate, associate, partnership or otherwise of the remaining Doe defendants are unknown to Bungie at this time, who therefore sues such defendants by fictious names and aliases. Upon information and belief, each of the Doe Defendants is legally responsible in some manner for the events and happenings herein referred to and described. Bungie will seek leave of Court to amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained.

10.      Upon information and belief, each of the Defendants was the agent of each of the other Defendants and, in engaging in the actions alleged herein, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121(a) because it alleges, among other claims, violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

12.      This Court has supplemental jurisdiction over Bungie's related state law claims under 28 U.S.C. § 1367(a) as those claims are so related to the claims under federal law as to form part of the same case or controversy.

13.      This Court has personal jurisdiction over Defendants because, as more fully described herein, Defendants have willfully infringed Bungie's copyrights and trademarks, trafficked in technology that circumvents Bungie's technological measures that control access to Bungie's copyrighted Destiny 2 game, engaged in unfair methods of competition and unfair and deceptive acts or practices directed at Bungie, and committed other intentional tortious acts directed to Washington and the United States that have caused Bungie extensive damages. As a result, Defendants have purposefully directed their activities to Washington and the United States. Further, Defendants knew or should have known that their intentional and/or willful acts would cause harm to Bungie in Washington where it is headquartered.

14.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

part of the events or omissions giving rise to the claim occurred, and Bungie's injuries were suffered, in this judicial district.

## FACTUAL ALLEGATIONS

### Bungie and the Destiny Franchise

15.     Bungie is the developer, distributor, and publisher of the online multiplayer first-person shooter video game franchise "Destiny."

16.     Destiny first launched in September 2014 and attracted more than 10 million players worldwide. The latest iteration of the game, Destiny 2, was first released for consoles (Sony Playstation 4 and Microsoft Xbox One) in September 2017, and for PCs in October 2017. Since the release of Destiny 2, Bungie has released for sale multiple expansions, or content add-ons, for the game, including the most recent expansion: "Destiny 2: Beyond Light," released in November 2020.

17.     Destiny 2 is an open, shared-world multiplayer game in which players interact with one another. The game offers two main categories of play: "PvE" or player-versus-environment, in which players cooperate to fight against computer-controlled opponents ("**NPCs**" or non-player characters), and "PvP" or player-versus-player, in which players compete against one another. Players can choose to complete some activities on their own or with a team, but many activities automatically cause players to group up, or may be difficult to complete without "fireteams" of multiple players (*e.g.*, three-player "Strikes" or six-player "Raids").

18.     Destiny 2's PvP matches are highly competitive and involve rare and highly-sought after "loot" including weapons and armor that impact a player's progression, as well as rewards and cosmetic options that permit players to show off their success to other players in-game. PvE activities also require skill and coordination among players to complete in order to obtain more powerful or sought-after gear, rewards, and weapons, which in turn affect players' progression and prestige and other aspects of the gameplay experience.

19.     The existence of "cheats" or "hacks"—software designed to give players an unfair advantage—has a significant detrimental impact on both types of activities in Destiny 2 by

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

cheapening the experience for legitimate players, undermining the significant time and effort many players put into developing their skills and the sense of achievement they gain from conquering difficult challenges through cooperation and skill.

20.     The market for online, first-person shooter games (as well as the broader market for online, multiplayer games) is highly competitive as players have many games to choose from. As a result, Destiny 2's, and therefore Bungie's, continued success depends upon building long-term relationships with players by, in part, maintaining the high quality and challenge of the gameplay experience and regularly releasing new and interesting expansions for Destiny 2.

21.     Because Destiny 2 is a "free-to-play" game, much of Bungie's revenue is generated by engaging and retaining the long-term interest of players who wish to enhance their Destiny 2 experience by purchasing "virtual goods" (*e.g.*, cosmetic upgrades and other in-game enhancements) or additional content or expansions for the game. This revenue, in turn, enables Bungie to continue to support, update, and develop new content for Destiny 2 to foster and maintain these long-term relationships with Destiny 2 players.

22.     The presence of cheats or hacks like Defendants' Lavicheats for Destiny 2 present a significant and ongoing threat to Bungie's commercial success. Cheaters gain an unfair advantage by using cheating software. Actual cheating and the mere perception of cheating frustrate players in the PvP modes, which are a significant draw for player retention; but also in the PvE modes, where success against difficult content can yield sought-after loot, rewards, and notoriety. The markers for in-game success (*e.g.*, rare weapons and armor, emblems, and seals, among others) are visible to other players in the shared world and are desirable at least in part due to their scarcity. Defendants' Lavicheats thus devalue the effort invested by legitimate players and the rewards they would have obtained but for the cheating players, or the rewards that cheating players obtain through illegitimate means. As a result, such legitimate players can and do simply stop playing Destiny 2 in favor of one of the many other available games.

23.     Thus, the existence of cheats—including but not limited to Defendants' Lavicheats—causes significant harm to Bungie's commercial success as well as its more

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

intangible, but no less important, reputation and goodwill in the Destiny 2 community.

## Bungie's Intellectual Property Rights in Destiny 2

24.     Bungie is the owner of all rights, title and interest in the copyrights in Destiny 2 and all expansions, including but not limited to, the computer software and the audiovisual works and screen displays that software creates. These copyrights are the subject of U.S. Copyright Registration Nos. PA 2-280-030, PA 2-282-670, TX 8-933-655, and TX 8-933-658. These copyrights and the corresponding registrations are referred to herein collectively as the "**Destiny Copyrights**." True and correct copies of the registration certificates for the Destiny Copyrights are attached hereto as **Exhibits 1-4**.

25.     Bungie is also the owner of numerous trademarks associated with the Destiny franchise, including but not limited to: DESTINY; DESTINY & design (subject of U.S. Registration No. 4,321,315); DESTINY 2; DESTINY 2: LIGHTFALL (subject of U.S. Application Serial No. 88/955,399); DESTINY 2: THE WITCH QUEEN (subject of U.S. Application Serial No. 88/955,395); DESTINY 2: BEYOND LIGHT (subject of U.S. Application Serial No. 88/955,392); and DESTINY GUARDIANS (subject of U.S. Application Serial No. 90/738,891) (collectively, the "**DESTINY Marks**").

26.     Bungie began using the DESTINY and DESTINY & design marks in commerce at least as early as February 1, 2013, and since that time, Bungie's use of the marks has been continuous and exclusive in connection with video game software.

27.     Bungie's DESTINY & design mark, the subject of U.S. Registration No. 4,321,315 is pictured below:



A true and correct copy of the registration certificate for the DESTINY & design mark is

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

attached hereto as **Exhibit 5**.

28.     Bungie has expended considerable time and resources in marketing, advertising, promoting and distributing video games (and other goods and services) under the DESTINY Marks. Destiny 2, in connection with which the DESTINY Marks are used, has an estimated player base of more than 30 million players.

29.     Bungie has developed substantial goodwill and strong consumer recognition in the DESTINY Marks, which have come to be uniquely associated with Bungie. As a result, Bungie has established strong rights in the DESTINY Marks, which are entitled to broad protection.

### Bungie's Efforts to Combat Cheats and Hacks

30.     As an unfortunate consequence of the extraordinary popularity and longevity of the Destiny franchise, Destiny 2 is under constant threat from those seeking to profit off of Bungie's success as well as cheaters who wish to gain an unfair advantage over other players by selling "hacks" or "cheats". To combat the actions of such unscrupulous individuals, Bungie employs both contractual and technological measures.

*A.      Bungie's Limited Software License Agreement*

31.     As for the contractual measures, in order to access, download, or play Destiny 2, players must expressly agree to Bungie's Limited Software License Agreement[1] ("SLA"). The entire SLA is displayed to users at the time they install Destiny 2. If a user refuses to consent to the SLA, the installation stops and the program closes.

32.     Destiny 2 is made available exclusively through Bungie's proprietary servers and matching systems. Access to the servers also requires agreement to the SLA. Therefore, a user may not lawfully obtain access to or play Destiny 2 without expressly agreeing to the SLA.

33.     Bungie's SLA includes a limited license agreement between Bungie and its users

---

[1] Bungie's SLA is available at https://www.bungie.net/7/en/Legal/SLA. Bungie recently (as of August 17, 2021) modified its SLA. However, the modified version does not differ materially from the version in effect prior to August 17, 2021 with respect to the relevant provisions discussed herein. A true and correct copy of the SLA in effect prior to August 17, 2021 is attached hereto as **Exhibit 6**.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

under which users are licensed to install and use one copy of Destiny 2 for non-commercial purposes. This limited license is subject to a number of restrictions, including but not limited to the user's agreement not to: (a) "exploit [Destiny 2] or any of its parts commercially"; (b) "copy, reproduce, distribute, display or use any part of [Destiny 2] except as expressly authorized by Bungie herein"; (c) "hack or modify [Destiny 2], or create, develop, modify, distribute, or use any unauthorized software programs to gain advantage in any online or multiplayer game modes"; and (d) "receive or provide 'boosting services,' to advance progress or achieve results that are not solely based on the account holder's gameplay."

**B.    *Bungie's Anti-Cheat Technologies***

34.    As to the technological measures Bungie uses to combat cheats and hacks, a general explanation of how online, multiplayer games operate is necessary.

35.    First, players must install the game software client on their computers. A software client is a set of files that include artwork, 3D models, textures (*i.e.*, artwork applied to surfaces), "skins" (*i.e.*, artwork applied to character models), and an underlying game engine that creates the virtual environment and enables player interaction with the environment, NPCs, and other players.

36.    Second, the software client must connect to a remote server (the game server) owned and operated by or on behalf of the game publisher. The server runs software that connects players to each other and generates the dynamic virtual world. The game server must rapidly receive and transmit a vast amount of data among the players, and that data is used by the software client to make changes on the player's computer screen.

37.    Both components are integral to the operation of the game and the game cannot be played without both the software client and the game server. Thus, the copyrights in an online, multiplayer, shared world game extends to the dynamic virtual world created by the interactions between software client and game server, as well as the specific art files and assets contained in the software client.

38.    Bungie employs anti-cheat technologies both within the game software client and

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

on Bungie's servers. These technologies operate whenever the software client is running and must operate in order for users to play Destiny 2. These anti-cheat technologies are specifically designed to detect and/or prevent players from accessing, reading, writing, or modifying critical data used to enable multiplayer online gameplay.

39. In the ordinary course of operation, Bungie's anti-cheat software is designed to detect whether malicious (*e.g.*, unauthorized) code or data has been inserted into a computer's memory or otherwise determine whether a Destiny 2 player is using cheating software such as Defendants' Lavicheats. If the anti-cheat software detects the presence of such cheating software, the player may be denied access to Destiny 2's multiplayer servers and/or reported to Bungie for disciplinary action.

40. With respect to the disciplinary action, when Bungie detects that a player is using cheating software, the player's account may be suspended or banned, in which case the player may no longer access the game or Bungie's Destiny 2 servers. Bungie may also implement a "Hardware ID" ("HWID") ban against a player using cheating software. To implement a HWID ban, Bungie obtains configuration data from the player's PC sufficient to uniquely identify the PC and denies subsequent access to the game by players using that PC. An HWID ban detects and prevents banned players from obtaining access to Destiny 2 merely by creating a new account using a different email address or using another player's account from the same PC.

41. Because Bungie's anti-cheat software is designed to detect when players are running cheating software for Destiny 2, such cheating software is specifically designed to evade detection by Bungie's anti-cheat technologies. The cheat may accomplish such avoidance or circumvention by concealing or encrypting itself or by disabling the anti-cheat software.

42. Combatting the use of cheats or hacks in connection with Destiny 2 is an ongoing battle. Developers and distributors of cheating software, like Defendants, are continuously modifying the cheats or hacks in order to avoid detection by Bungie's anti-cheat technologies. That, in turn, requires Bungie to continuously expend substantial time and resources improving and enhancing its anti-cheat technologies to protect the gameplay experience for legitimate

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1    players.

2                    **Defendants' Marketing, Distribution and Sale of Cheats and Hacks**

3           43.     Upon information and belief, Defendants are engaged in marketing, advertising,

4    promoting, distributing, selling, and/or supporting cheats or hacks for use in connection with

5    Destiny 2 (collectively, the "**Lavicheats**"). Upon information and belief, some of the Defendants

6    own, operate, administer, and/or moderate the Lavicheats Website and its community forums

7    while others provide customer support and/or technical assistance; some Defendants may do

8    both.

9           44.     The Lavicheats Website boasts "Next Level Cheating" and promotes Defendants'

10   Lavicheats as "the best Cheats and Hacks for all games." In addition to cheats or hacks for

11   Destiny 2, Defendants offer cheating software for use in connection with numerous other games

12   from other game developers, including but not limited to Apex Legends, Overwatch, Call of

13   Duty, Rainbow Six, League of Legends, Fortnite, Rust, and Valorant, as shown below:



25          45.     Upon information and belief, Defendants advertise, promote, distribute, sell,

26   and/or provide support for two cheat software packages for Destiny 2: "Delta" and "Premium",

27   as shown on the "store" page for Destiny 2 on the Lavicheats Website:

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966



46.     The prices for the "Destiny Delta" package range from $9.99 to $129, and the "Destiny Premium" package range from $19.90 to $249, as shown below:





COMPLAINT
(Case No. 2:21-cv-1111) – 11

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

47.     Defendants' Lavicheats for Destiny 2 offer a variety of features to purchasers, including but not limited to: (a) an "Aimbot" feature that automates aiming by allowing the cheating player to "snap" to a target and quickly take out other players (an action that would otherwise test the player's skill); (b) "ESP" features that display information that would not ordinarily be visible to the player, such as the location of other players or NPCs in order to target and take out those players or NPCs more quickly than would be possible for legitimate players; (c) technologies that mask players' use of the cheats while streaming their gameplay; (d) miscellaneous cheats that modify gameplay, such as providing unlimited ammo or instantly respawning the player's character after it is killed; and (e) HWID Spoofers, which allow players to hide information about their computer systems to avoid detection by anti-cheat technologies or to use computers that have been banned by Bungie (*i.e.*, that no longer have authorized access to Destiny 2).

48.     Emphasizing that the "best ways" to "get ahead" in games like Destiny 2 are "the ones that won't get you caught," the Lavicheats Website describes the typical features of these cheats (and again highlights how to avoid "getting caught and banned"):

**Destiny 2 AIMBOT**

For Destiny 2, the Aimbot comes with most hacking packages, and as it is common to first person shooter games, it was one of the first designed. A good designer can provide an Aimbot hack that is undetectable, and below are a few of the favorites currently available.

**Precision Aimbot**

Aimbots provide precision aim and efficient shooting to take out enemy players as quickly as possible. If you consistently take out players when you shouldn't really be able to, it can bring attention from the game administrators. So, unless you are not concerned about getting caught and banned, using a little discretion in how effectively you use an Aimbot would be a good idea.

- Bone Prioritization
- Aim Smoothing
- Limit Aimbot Field of Vision
- Aim at Players and NPCs
- Customizable Aimkey

**Destiny 2 ESP**

Extra Sensory Perception gives you all the information you need to take your enemies down fast. In both PvP and PvE, ESP will give you the edge over everyone thereby providing you with a wealth of information. Benefits of ESP in Destiny 2

- 3D Box
- Head Dot
- Health Bar
- Player Location
- NPC Location
- Distance Filter

Each of these options lets you know how to find other players and NPCs, their health status, and a lock on Head Dot for an easy takedown. You can also find loot and objects quicker when they are marked with a box. Some ESP hacks also give you options like Target Line of Vision. Markers for the location of enemy players, NPC's, or objects to loot can appear as textboxes

49.     Offering purchasers of Defendants' Lavicheats for Destiny 2 the ability to remain undetected while using the cheats is an essential selling point of the cheating software. For example, on the Lavicheats Website, Defendants tout their offering of the "Best Undetected

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Destiny 2 hacks and cheats". Defendants promote the Lavicheats for Destiny 2 as "Undetected", emphasize that the best cheats (including Lavicheats) offer "quality code that will slide through undetected during gameplay", and then offer an "Order Now" button for the "Hack" download, as shown in the following excerpted article from the Lavicheats Website:



50.     Defendants' Lavicheats for Destiny 2 also includes features specifically designed to aid the cheater in avoiding detection by Bungie. For example, the graphical elements of the Lavicheats for Destiny 2 can be disabled to hide use of the cheats while players are streaming

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

their gameplay. Similarly, the "smoothing" feature modifies Aimbot in order to mask the fact that the cheater is auto-aiming via the cheating software. In fact, at the end of the same article on the Lavicheats Website excerpted immediately above, Defendants specifically call out Bungie's anti-cheat measures and appear to contrast the "low quality, free hacks that are floating around" with the purportedly high-quality, "undetected" Lavicheats offered by Defendants for Destiny 2:

> Bungie, the company that owns the publishing rites of Destiny 2, has been mostly unable to put any blocks up against hacks being used in the game. Players can be banned for performing blatant cheats and hacks as other players always have the option of turning you in if they suspect you of using hacks. The game administrators are running anti-cheat measures and are responsible for detecting many of the low quality, free hacks that are floating around.

51.     In fact, remaining undetected is so vital to the success of Defendants' Lavicheats for Destiny 2—and therefore to Defendants' ability to reap profits from their unlawful activities—that Defendants maintain a "Status Page" that notifies users whether a Lavicheat is "Safe to Use" (*i.e.*, "Working"):



52.     Additionally, in marketing, promoting, selling, and/or distributing Lavicheats for Destiny 2, Defendants prominently feature the DESTINY Marks, as well as images and artwork

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

from Destiny 2.

53.     For example, the "store" pages for Defendants' Lavicheats for Destiny 2 prominently display the DESTINY Marks and artwork from Destiny 2 in close proximity to an "Add to cart" button to purchase the cheats, as shown below:





**Players' Use of Defendants' Lavicheats for Destiny 2**

54.     Upon information and belief, Defendants' Lavicheats for Destiny 2 are distributed via a loader program obtained from a remote server maintained by or otherwise accessible to Defendants. After purchasing one of the Lavicheats Destiny 2 cheat packages, the loader prompts the purchaser for a login and validates the Lavicheats license.

55.     Upon information and belief, after the Lavicheats license is verified, the loader "injects" the malicious cheating software code into the Destiny 2 software client on the player's

COMPLAINT
(Case No. 2:21-cv-1111) – 15

computer. This code modifies the behavior of the Destiny 2 software client and thereby causes the software to operate and appear differently for the cheating player than it does for the non-cheating player. These modifications are created with the intent and effect of providing the cheating player with a comparative—and unfair—advantage over the non-cheating player.

56.     For example, Defendants' Lavicheats create a user interface that allows the cheating players to select which features of Destiny 2 they want to alter (*i.e.*, cheat or hack) as well as features that mask their use of the cheat, as shown below:



57.     When players run Defendants' Lavicheats for Destiny 2 while playing the game, the cheat substantially alters Destiny 2's visual output and the way the game performs for the cheating player.

58.     As a result of these modifications made by Defendants' Lavicheats, Destiny 2 appears significantly different for the cheating player using the cheat than it does for legitimate players. For example, when a player is using Lavicheats, additional text, numbers, images, and angle/directional arrows may be displayed on the player's screen; the colors in which other

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

players' characters appear may be changed; "hit boxes" and different types of "cross-hairs" may be used; and other players' characters may appear as outlines behind walls and other obstructions.

59.     Additionally, Defendants' Lavicheats for Destiny 2 will cause the game to perform differently for the cheating player in significant ways that provide unfair advantages as against legitimate, non-cheating players. For example, the Aimbot cheat relieves the cheating player of the need to aim at a target, as it automatically "snaps" to a target and auto fires, and even permits the player to specify which part of the body to automatically target (*e.g.*, head, body, etc.). Also, when Defendants' Lavicheats is being used, the cheating players may have unlimited ammo (and therefore have no need to reload their weapons or collect additional ammunition) or may instantly "respawn" after they are killed.

60.     Each time a player plays Destiny 2 while using Defendants' Lavicheats, she or he also violates Bungie's SLA including, among others, those provisions prohibiting "hack[ing] or modify[ing] [Destiny 2]," or "us[ing] any unauthorized software programs to gain advantage in any online or multiplayer game modes", and "receiv[ing] 'boosting services,' to advance progress or achieve results that are not solely based on the account holder's gameplay." Upon information and belief, thousands of breaches of Bungie's SLA have occurred as a direct result of Defendants' activities.

61.     Upon information and belief, Defendants at all relevant times have been and are aware that the use of cheating software or hacks—including Defendants' Lavicheats for Destiny 2—are prohibited by, and therefore violate, Bungie's SLA. Defendants' emphasis in marketing and promoting their Lavicheats of the alleged undetectability of their cheats and their references to bans for players caught cheating—including referencing bans by Bungie specifically—are admissions that Defendants are aware that players using Lavicheats with Destiny 2 are violating their agreement (*i.e.*, the SLA) with Bungie.

**Lavicheats for Destiny 2 Cause Serious, Irreparable, and Ongoing Harm to Bungie**

62.     Defendants' activities described herein have caused, and are continuing to cause,

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

serious, irreparable, and ongoing harm to Bungie and the Destiny 2 community, including but not limited to the following:

(a)     Defendants significantly and irreparably harm the ability of legitimate players of Destiny 2 to experience and enjoy the online, multiplayer shared-world experience meticulously created by Bungie, including the gameplay skills developed by legitimate players;

(b)     As a result, in part, of the first harm, Defendants' activities cause significant harm to Bungie's reputation and the goodwill Bungie has developed amongst the Destiny 2 community, impacting the growth of Destiny 2's player base, and harming Bungie to a degree difficult or impossible to recompense solely with money damages; and

(c)     As a consequence of the arms-race that exists between Bungie and cheats-sellers like Defendants, Bungie is forced to spend substantial sums of money and redirect significant resources to remediate the injuries caused by Defendants' Lavicheats for Destiny 2. These efforts include, but are not limited to, continually modifying Destiny 2 and/or the anti-cheat technologies to detect and combat the ever-changing cheats and hacks, investigating and banning players who use Lavicheats, and responding to the complaints of legitimate players whose Destiny 2 experience is devalued by the use of Lavicheats by other players.

63.     These harms resulting from Defendants' activities described herein will continue to be inflicted on Bungie unless and until Defendants are preliminarily and permanently enjoined as requested in this action.

**FIRST CAUSE OF ACTION**

**(Trafficking in Circumvention Devices, 17 U.S.C. § 1201(a)(2))**

64.     Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

65.     Destiny 2, including but not limited to the underlying source code, screen displays, artwork, and other audiovisual elements, are copyrighted works under the laws of the United States.

66.     Bungie has designed and implemented technological measures into Destiny 2 that

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

effectively control access to the game, including access to the dynamic audiovisual elements that comprise the game's virtual world and to otherwise inaccessible memory locations in which data generated by Destiny 2 is stored.

67.     Defendants' Lavicheats for Destiny 2 are comprised of or contain technologies, products, services, devices, components, or parts thereof that are primarily designed or produced for the purpose of circumventing Bungie's technological measures that effectively control access to Destiny 2, a copyrighted work protected under the Copyright Act.

68.     Defendants' Lavicheats for Destiny 2 have no commercially significant purpose or use other than to circumvent Bungie's technological measures that effectively control access to Destiny 2, a copyrighted work protected under the Copyright Act.

69.     Defendants, and/or other persons or entities acting in concert with Defendants with their knowledge, market the Lavicheats for Destiny 2 for use in circumventing Bungie's technological measures that effectively control access to Destiny 2, a copyrighted work protected under the Copyright Act.

70.     As a result of the foregoing, Defendants are importing, offering to the public, providing, or otherwise trafficking in a technology, product, service, device, component, or part thereof that violates 17 U.S.C. § 1201(a)(2).

71.     Each such import, offering to the public, providing, or otherwise trafficking in circumvention technology constitutes a violation of 17 U.S.C. § 1201(a)(2).

72.     Defendants' actions are willful, intentional, purposeful, and in disregard of the rights of Bungie.

73.     Defendants' actions have caused damage to Bungie and has unjustly enriched Defendants, in amounts to be proven at trial.

74.     Bungie is entitled to the maximum statutory damages in the amount of $2,500 per violation pursuant to 17 U.S.C. § 1203(c)(3)(A). Alternatively, Bungie is entitled to its actual damages and Defendants' profits attributable to their violations of 17 U.S.C. § 1201 pursuant to 17 U.S.C. § 1203(c)(1), (2).

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

75.     As a result of Defendants' actions described herein, Bungie has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law. Upon information and belief, unless enjoined by this Court, Defendants will continue their unlawful activities in violation of 17 U.S.C. § 1201. Bungie, therefore, is entitled to injunctive relief to enjoin Defendants' ongoing unlawful conduct pursuant to 17 U.S.C. § 1203(b).

76.     Bungie is further entitled to its attorneys' fees and costs of this action pursuant to 17 U.S.C. § 1203(b).

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

77.     Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

78.     Destiny 2, including the underlying source code, client files, screen displays, artwork, and other audiovisual elements, constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

79.     Bungie is the owner of, or has exclusive rights in, the copyrights in Destiny 2.

80.     Users of Defendants' Lavicheats for Destiny 2 have copied, reproduced, adapted, and/or created derivative works from, and continue to copy, reproduce, adapt, and/or create derivative works from, Bungie's copyrighted work, Destiny 2, without Bungie's consent. The foregoing activities constitute direct infringement of Bungie's exclusive rights by Lavicheats' users in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

81.     Defendants are liable as contributory copyright infringers because they intentionally induced, and continue to induce, the direct infringement of the Lavicheats users as described herein. Among other actions, Defendants induce users of Defendants' Lavicheats for Destiny 2 to copy, reproduce, adapt, and/or create derivative works from Bungie's copyrighted works because when Lavicheats users download, install, and use the cheating software, they alter the gameplay and presentation of Destiny 2.

82.     Defendants are also liable as contributory copyright infringers because they know

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

of, and materially contribute to, the direct infringement of Lavicheats users as described herein. Among other activities, Defendants materially contribute to the direct infringement of Destiny 2 by selling, distributing, or otherwise making available the Lavicheats for Destiny 2, instructing users on how to install and use the Lavicheats, providing support services for installation and use of the Lavicheats for Destiny 2, and otherwise enabling users to use the Lavicheats for Destiny 2 to copy, reproduce, adapt, and/or create derivative works from Bungie's copyrighted works.

83.   Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Bungie's rights.

84.   Bungie is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Bungie has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Bungie's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' continued infringement harms Bungie such that Bungie could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Bungie, is continuing.

85.   Bungie has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of Bungie's copyrighted works. Bungie is entitled to its actual damages and Defendants' profits, in amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b).

86.   Alternatively, Bungie is entitled to the maximum statutory damages of $150,000 per infringed work for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

87.   Bungie is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION

### (Vicarious Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

88.   Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

89.   Destiny 2, including the underlying source code, client files, screen displays,

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

artwork, and other audiovisual elements, constitute original works of authorship and copyrightable subject matter under the laws of the United States.

90.     Bungie is the owner of, or has exclusive rights in, the copyrights in Destiny 2.

91.     Users of Defendants' Lavicheats for Destiny 2 have copied, reproduced, adapted, and/or created derivative works from, and continue to copy, reproduce, adapt, and/or create derivative works from, Bungie's copyrighted work, Destiny 2, without Bungie's consent. The foregoing activities constitute direct infringement of Bungie's exclusive rights by Lavicheats' users in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

92.     Defendants are liable as vicarious copyright infringers because they have the right and ability to supervise and control the infringing activities that occur as a result of users' download, installation, and/or use of Defendants' Lavicheats and, at all relevant times, have derived direct and substantial financial benefits from the direct infringement of the Lavicheats users. Nonetheless, Defendants refused, and continue to refuse, to take reasonably available steps to stop the infringement. To the contrary, Defendants take active steps to encourage and facilitate the infringement by providing support and advice regarding the download, installation, and use of the Lavicheats to avoid detection by Bungie. Defendants' entire business model is based on encouraging and facilitating the infringements by Lavicheats users.

93.     As a result, Defendants are vicariously liable for the direct infringement by Lavicheats users as described herein.

94.     Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Bungie's rights.

95.     Bungie is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Bungie has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Bungie's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' continued infringement harms Bungie such that Bungie could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Bungie, is continuing.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

96.     Bungie has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of Bungie's copyrighted works. Bungie is entitled to its actual damages and Defendants' profits, in amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b).

97.     Alternatively, Bungie is entitled to the maximum statutory damages of $150,000 per infringed work for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

98.     Bungie is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**FOURTH CAUSE OF ACTION**

**(Trademark Infringement, 15 U.S.C. § 1114)**

99.     Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

100.    Bungie is the owner of the federally registered DESTINY & design mark, U.S. Reg. No. 4,321,315.

101.    Defendants' use of the DESTINY & design mark in the marketing, advertising, promotion and sale of, or otherwise in connection with, Defendants' Lavicheats for Destiny 2, is likely to cause confusion or mistake, or deception as to the source, origin, affiliation, or endorsement of Defendants' Lavicheats.

102.    Defendants' use of the DESTINY & design mark as described herein constitutes infringement of Bungie's trademark rights in its registered mark under 15 U.S.C. § 1114.

103.    Bungie has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Bungie is therefore entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116 restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from using in commerce Bungie's DESTINY & design mark or any colorable imitation thereof.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

104.    Defendants' conduct and continuation of such conduct is knowing, willful and deliberate, and in conscious disregard of Bungie's rights in and to the DESTINY & design mark, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Bungie to an award of its reasonable attorneys' fees.

105.    Bungie is entitled to the relief provided in 15 U.S.C. § 1117(a), including but not limited to, Bungie's actual damages (which should be trebled), Defendants' profits, and the costs of this action in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

106.    Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

107.    As a result of Bungie's extensive and continuous use in commerce of its DESTINY Marks in connection with the Destiny franchise, Bungie has established significant consumer recognition of, and rights to, its DESTINY Marks.

108.    Defendants' use of the DESTINY Marks in the marketing, advertising, promotion and sale of, or otherwise in connection with, the Lavicheats for Destiny 2, constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a) that is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection or association of Defendants with Bungie, and/or (b) the origin, sponsorship or approval of Defendants' Lavicheats by Bungie.

109.    Bungie has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Bungie is therefore entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116 restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from using in commerce Bungie's DESTINY Marks or any colorable imitation thereof.

110.    Defendants' conduct and continuation of such conduct is knowing, willful and

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

deliberate, and in conscious disregard of Bungie's rights in and to the DESTINY Marks, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Bungie to an award of its reasonable attorneys' fees.

111.    Bungie is entitled to the relief provided in 15 U.S.C. § 1117(a), including but not limited to, Bungie's actual damages (which should be trebled), Defendants' profits, and the costs of this action in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION

### (Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*)

112.    Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

113.    Defendants' activities described herein, including but not limited to Defendants' interference with Bungie's contractual relationships with its users, exploitation of Bungie's intellectual property to unjustly enrich themselves at Bungie's expense, and unauthorized use of Bungie's trademarks, constitute unfair methods of competition and unfair and deceptive acts or practices, which are damaging to the public interest in violation of RCW 19.86.020.

114.    Defendants' unfair methods of competition and unfair and deceptive acts or practices occur in the context of Defendants' regularly conducted business or business practices.

115.    Defendants' activities described herein have injured, and will continue to cause injury to, Bungie in its business or property, including the loss of sales, users, and goodwill.

116.    Defendants' actions contravene the public interest since there is a strong public interest in having a marketplace free from deceptive acts and practices. Additionally, upon information and belief, Defendants offer more than 15 different video game cheats spanning multiple game franchises from other developers, including but not limited to Apex Legends, Overwatch, Call of Duty, Rainbow Six, League of Legends, Fortnite, Rust, and Valorant. As a result, Defendants' actions described herein have the capacity to deceive substantial portions of the public, including but not limited to players of Destiny 2 and any other games for which Defendants market, promote, distribute, or sell cheats or hacks.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

117.   Defendants' actions further contravene the public interest since there is a strong public interest in computer security and safety. Upon information and belief, Defendants' cheat software products induce users to disable antivirus and other protective measures and obtain low-level access to system resources that can transform unwitting users' personal computers into proxies for illegal activity and/or render them vulnerable to malicious software.

118.   As a result of Defendants' unfair methods of competition and unfair and deceptive acts or practices, Bungie has been damaged in an amount to be proven at trial and Bungie will continue to be irreparably damaged if Defendants' wrongful conduct is permitted to continue.

119.   Pursuant to RCW 19.86.090, Bungie is entitled to its actual damages, which should be trebled, together with its costs of suit and reasonable attorneys' fees, and an injunction restraining Defendants' unfair business practices.

## SEVENTH CAUSE OF ACTION

### (Tortious Interference With Contractual Relationship)

120.   Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

121.   As described herein, at all relevant times, in order to install and play Destiny 2, users must first agree to Bungie's SLA.

122.   Bungie's agreements with its users are valid and enforceable.

123.   Each time a user of Defendants' Lavicheats uses the cheats in connection with Destiny 2, she or he breaches Bungie's SLA. Upon information and belief, thousands of such breaches of the SLA by Defendants' customers have occurred.

124.   Upon information and belief, at all relevant times, Defendants were and are aware of the existence and relevant terms of the SLA between Bungie and its users, including but not limited to those terms prohibiting players from using Defendants' Lavicheats and other such cheats and hacks in connection with Destiny 2 and that players risk being banned if caught using such cheats and hacks.

125.   Upon information and belief, despite this knowledge, Defendants have

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

intentionally encouraged, induced, and assisted the purchase, download, installation, and use of the Lavicheats for Destiny 2, knowing that the use of Defendants' Lavicheats by their customers is a breach of those customers' agreement with Bungie.

126.    Upon information and belief, Defendants' interference with Bungie's agreement with its users as described herein was accomplished for an improper purpose and the means used were wrongful and predatory in nature.

127.    By inducing, encouraging and assisting Bungie's users to breach their agreement with Bungie, Defendants have intentionally interfered, and continue to interfere, with the agreements between Bungie and its players.

128.    As a proximate result of Defendants' actions described herein, Bungie has suffered damages in amounts to be proven at trial, including but not limited to the loss of goodwill among Bungie's players, diversion of Bungie's resources to the detection, prevention, and remediation of Defendants' Lavicheats for Destiny 2, decreased profits, and a loss of profits from players whose accounts Bungie has terminated for violation of the SLA.

129.    Defendants have further unjustly obtained proceeds attributable to the sale of the Lavicheats for Destiny 2 in the United States, and any other products or services that violate any of Bungie's rights described herein. Those proceeds, which are directly attributable to Defendants' misuse and unlawful exploitation of Bungie's Destiny 2 game and intentional interference with Bungie's agreements with its players, rightfully and equitably belong to Bungie.

130.    Bungie has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Bungie is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from interfering with the agreements between Bungie and its users, as well as imposition of a constructive trust over Defendants' wrongfully obtained proceeds.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

**EIGHTH CAUSE OF ACTION**

**(Unjust Enrichment)**

131.    Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

132.    Defendants' activities as alleged herein constitute unjust enrichment of the Defendants at the expense of Bungie.

133.    Defendants have received, and continue to receive a monetary benefit from Bungie's Destiny 2 players that purchase Defendants' Lavicheats and the corresponding inequitable exploitation of Bungie's property, namely, Destiny 2 and the servers on which it runs.

134.    Defendants received, and continue to receive, this benefit at Bungie's expense.

135.    Under the circumstances, it would be unjust for Defendants to retain the benefit and as a result, Bungie seeks an accounting and disgorgement of Defendants' ill-gotten profits in amounts to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Bungie respectfully requests that judgment be entered in its favor on each of the claims stated herein and against Defendants, and that it be awarded relief that includes, but is not limited to, an order:

1.    Preliminarily and permanently enjoining Defendants, their officers, employees, agents, representatives, subsidiaries, affiliates, distributors, and all persons or entities acting in concert with them, from:

A.    importing, offering to the public, marketing, selling, providing, distributing or otherwise trafficking in circumvention technology, including but not limited to the Lavicheats for Destiny 2;

B.    inducing, contributing to, or facilitating third-party infringements of Bungie's copyrighted works;

C.    infringing Bungie's registered and common law trademarks or falsely

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

representing or suggesting Bungie's approval, sponsorship, or endorsement, or otherwise suggesting Bungie's affiliation with Defendants or Defendants' Lavicheats for Destiny 2;

D.      intentionally interfering with Bungie's agreements with its Destiny 2 players; and

E.      engaging in unfair methods of competition and unfair and deceptive acts or practices with respect to Bungie;

2.      Requiring Defendants to immediately and permanently cease all development, marketing, promotion, advertising, support, distribution, or other similar action of the Lavicheats for Destiny 2 on the Lavicheats Website and any other domain, address, location or platform;

3.      Requiring Defendants to deliver to Bungie all copies of materials that have been made or used in violation of any of Bungie's rights described herein;

4.      Requiring the destruction of all technology, devices, products, components, or parts thereof involved in the violation of 17 U.S.C. § 1201 that are in the custody or control of Defendants and/or which may be impounded by the Court pursuant to 17 U.S.C. § 1203(b);

5.      Requiring Defendants to provide Bungie an accounting of all sales of the Lavicheats for Destiny 2 in the United States and any other products or services that are determined to violate any of Bungie's rights described herein;

6.      Awarding Bungie its actual damages as well as Defendants' profits from Defendants' violations of 17 U.S.C. § 1201 pursuant to 17 U.S.C. § 1203(c)(1) and (2), or, alternatively, awarding Bungie maximum statutory damages of $2,500 per violation of 17 U.S.C. § 1201 pursuant to 17 U.S.C. § 1203(c)(3);

7.      Awarding Bungie its actual damages and Defendants' profits attributable to the infringement of Bungie's copyrighted works pursuant to 17 U.S.C. § 504(b), or, alternatively, maximum statutory damages of $150,000 per infringed work for willful copyright infringement pursuant to 17 U.S.C. § 504(c);

8.      Awarding Bungie its actual damages—which should be trebled—and Defendants' profits for Defendants' trademark infringement and false designation of origin and unfair

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

competition under the Lanham Act, and Defendants' violations of the Washington Consumer Protection Act pursuant to, respectively, 15 U.S.C. § 1117 and RCW 19.86.090;

9.     Awarding Bungie its damages against Defendants on Bungie's claims for tortious interference with contractual relations and unjust enrichment;

10.    Imposing a constructive trust over the proceeds unjustly obtained by Defendants through the sales of the Lavicheats for Destiny 2 in the United States and any other products or services that are determined to violate any of Bungie's rights described herein;

11.    Awarding Bungie its full costs of suit, including but not limited to, reasonable attorneys' fees, as permitted by law;

12.    Awarding prejudgment interest as permitted by law; and

13.    Such other relief as the Court deems just and proper.

Dated this 18th day of August, 2021.          Respectfully submitted,

                                              FOCAL PLLC

                                              By:  *s/ Stacia N. Lay*
                                                   *s/ Venkat Balasubramani*
                                                   Stacia N. Lay, WSBA #30594
                                                   Venkat Balasubramani, WSBA #28269
                                                   900 1st Avenue S., Suite 201
                                                   Seattle, Washington 98134
                                                   Tel: (206) 529-4827
                                                   Fax: (206) 260-3966
                                                   Email: stacia@focallaw.com
                                                   Email: venkat@focallaw.com

                                              Attorneys for Plaintiff Bungie, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Bungie, Inc. demands trial by jury in this action of all issues so triable.

DATED: August 18, 2021

*s/ Stacia N. Lay*

Stacia N. Lay, WSBA #30594

COMPLAINT
(Case No. 2:21-cv-1111) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966