HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>KUNAL BANSAL, an individual, d/b/a LAVICHEATS.COM; and DOES 1-30, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-1111-TSZ<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE<br><br>NOTE ON MOTION CALENDAR:<br>September 17, 2021 |

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Bungie, Inc. seeks leave to effectuate service of process upon Defendant Kunal Bansal by (1) email and (2) posting to the forum on the website operated by Defendant (lavicheats.com). Bungie's request complies with Rule 4(f)(3) because service by these methods does not contravene any international agreement governing service of process and is reasonably calculated to give notice to Bansal.

**FACTUAL BACKGROUND**

**A.     Bungie and Defendants' Distribution and Sale of "Cheats" and "Hacks"**

Bungie is the owner of the online, multiplayer first-person shooter video game franchise "Destiny", including the most recent chapter in the franchise, "Destiny 2." (Dkt. 1 at ¶ 1.) Defendant Kunal Bansal—via the website he operates, Lavicheats.com (the "Lavicheats Website")—markets, distributes, sells, and offers support for software "cheats" or "hacks" for Destiny 2 that give players using them an unfair advantage. (Dkt. 1 at ¶¶ 2, 5.)

PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:21-cv-1111-TSZ) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Based on Bungie's investigation, Bansal – sometimes using the alias "Lavi" or the user name "kunalbansal" – conducts his business marketing, selling, distributing, and supporting the cheating software for Destiny 2 entirely online via the Lavicheats Website and other online platforms where the Lavicheats are promoted and supported. (Declaration of Allison Nixon in Support of Plaintiff's *Ex Parte* Motion for Alternative Service ¶¶ 3-6.) Customers select and purchase the cheating software via the Lavicheats Website online store, pay for the cheating software via online payment processors, and are directed to download the cheating software once the license key is validated. (*Id.* ¶ 4; Dkt. 1 at ¶¶ 44-46, 54-55.) The Lavicheats Website does not include any physical address for the business or Bansal nor does it identify any business entity as the owner or operator of the website and its business. Lavicheats also does not appear to be a registered business entity based on Bungie's investigation to date. (Nixon Decl. ¶ 7.) Similarly, the public "Whois" data for the Lavicheats Website domain name reflects that the domain is registered using a "privacy" service that hides the address of the registrant. (*Id.* ¶ 8.)

On August 18, 2021, Bungie filed its Complaint against Bansal (and Doe Defendants) alleging claims for trafficking in circumvention devices under the Digital Millennium Copyright Act, contributory and vicarious copyright infringement, trademark infringement and other violations of the Lanham Act, as well as claims under Washington law. (*See generally* Dkt. 1.)

**B.    Bungie's Efforts to Discover a Physical Address for Bansal Have Been Unsuccessful**

As part of its investigation of Defendants' cheating software for Destiny 2, Bungie identified Bansal (a/k/a "Lavi") as the individual primarily responsible for the operation of the Lavicheats Website through which the Lavicheats for Destiny 2 are marketed and sold. (Nixon Decl. ¶¶ 3-5.) Bungie has not been able to locate a physical address for Bansal, only that he is believed to live in or near Bathinda, India. (*Id.* ¶¶ 5, 7.) Bathinda, a district in Punjab province, has a population of more than 1.3 million people, and the population of Bathinda city proper is more than 280,000 people.[1]

---

[1] According to the most recent Census of India information available, the population of the

PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:21-cv-1111-TSZ) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

### C. Bungie's Identification of Alternative Means to Notify Bansal

While its attempts to locate Bansal's physical address have been unsuccessful, Bungie has found an email address associated with Bansal and the Lavicheats Website. (Nixon Decl. ¶¶ 7-9.) The email address – kunalbansal922@gmail.com – was identified by reviewing information provided by the domain name registrant for the Lavicheats Website as the point of contact for technical issues related to the domain. (*Id.* ¶ 9.) Subsequent investigation identified an active telephone number tied to Bansal, which in turn was associated with that email address. (*Id.* ¶ 10.) Bungie has also determined that the email address is active, as an email sent to the address did not "bounce" back nor was it otherwise flagged as undeliverable. (*Id.* ¶¶ 11-12.)

Additionally, the Lavicheats Websites hosts several public discussion forums, including one—the "MediaSection" forum—to which it appears visitors may post. (Declaration of Stacia N. Lay in Support of Plaintiff's *Ex Parte* Motion for Alternative Service ¶¶ 4-5, Ex. 2.) Bansal, using the alias "Lavi", is identified as an administrator on the Lavicheats Website and is currently active and a frequent poster on the website. (Lay Decl. ¶ 3, Ex. 1.)

### ARGUMENT

Under FED. R. CIV. P. 4(f)(3), courts have discretion to allow service on a foreign party by alternative means if the proposed method of service is not prohibited by an international agreement and satisfies constitutional due process standards. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002). As detailed below, serving Bansal by email and posting to the Lavicheats Website forum satisfies both elements. Additionally, "[p]arties are not required to attempt service by other methods before petitioning the court for alternative service of process[.]" *Rubie's Costume Co v. Yiwu Hua Hao Toys Co.*, No. 2:18-cv-01530-RAJ, 2019 U.S. Dist. LEXIS 204380, *4 (W.D. Wash. Nov. 25, 2019); *see also Rio Properties*, 284

---

Bathinda district was 1,388,525 people and that of Bathinda city was 285,788. *See* https://www.census2011.co.in/census/district/599-bathinda.html (last visited Aug. 12, 2021); https://www.census2011.co.in/census/city/16-bathinda.html (same). Such census information is subject to judicial notice. *See Reed v. Gen. Mills, Inc.*, No. C19-0005-JCC, 2019 U.S. Dist. LEXIS 99388, *9 (W.D. Wash. June 13, 2019).

PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:21-cv-1111-TSZ) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

F.3d at 1015 (rejecting argument that Rule 4(f) establishes a hierarchy of preferred methods of service and noting that Rule 4(f)(3) "includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means").

A.   **Serving by Email and Forum Post Does Not Contravene International Agreements**

There is no international agreement prohibiting service by the means requested. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") does not apply when a foreign defendant's physical address is unknown, and as a result, does not prohibit service of such a defendant by email or website posting. *See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Art. I, *available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited Aug. 12, 2021) ("This Convention shall not apply where the address of the person to be served with the document is not known.").

Even if the Hague Convention were relevant here – which it is not, because Bungie has been unable to locate Bansal's physical address – the Court can still authorize service by email and website posting. *See Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269, *40 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention."); *see also Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (approving of email service despite India's objection to Article 10 of the Hague Convention relating to service by "postal channels" because "India did not expressly object to electronic mail as a means of service").

B.   **Service by Email and Forum Post Meets the Constitutional Due Process Standard**

Service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation marks omitted). The Ninth Circuit has interpreted Rule 4(f)(3) to allow service on foreign

PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:21-cv-1111-TSZ) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

defendants by email consistent with due process where they cannot be reached by other means or have no known physical address. *Id.* at 1017-18. Similarly, courts have authorized service by social media and online posting. *See, e.g.*, *Assef v. Doe*, No. 15-cv-01960-MEJ, 2016 U.S. Dist. LEXIS 41597, *11 (N.D. Cal. Mar. 28, 2016) (approving of service by email and blog post).

In *Rio Properties*, for example, the court found that email was the service method "most likely to reach" a defendant who operated a website from Costa Rica with no discoverable street address in the United States or Costa Rica, and who only provided an email address for contact information. 284 F.3d at 1017-18. The defendant "had neither an office nor a door; it had only a computer terminal. If any method of communication is reasonably calculated to provide [defendant] with notice, surely it is email – the method of communication which [defendant] utilizes and prefers." *Id.* at 1018. Similarly, the court allowed email service on defendants located in China "given [plaintiff's] showing that Defendants' address is unknown but active email addresses are available and that email reasonably is calculated to provide Defendants notice of the lawsuit and comport with due process." *Will Co. v. Lee*, No. C20-5802 BHS, 2021 U.S. Dist. LEXIS 15621, *3-4 (W.D. Wash. Jan. 27, 2021) (noting that plaintiff sent messages to the email addresses and, while no responses were received, the emails "did not bounce back").

Other decisions have found that email service is permissible and does not raise due process concerns where, as here, the plaintiff "has made a reasonable effort to locate a physical address for service" but has been unsuccessful. *See, e.g.*, *Word Ape, LLC v. Pawico*, No. 2:20-cv-01768-DWC, 2021 U.S. Dist. LEXIS 37825, *8-9 (W.D. Wash. Jan. 4, 2021) (noting that the plaintiff had made such a reasonable effort, including attempting to serve the address the corporate defendant listed on its website and using a national business registry to determine if defendant was registered in any state); *see also Amazon.com Inc. v. Sirowl Tech.,* No. 2:20-cv-01217-RSL-JRC, 2020 U.S. Dist. LEXIS 228235, *7-8 (W.D. Wash. Dec. 4, 2020) (finding email service permissible as plaintiffs "demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet," such that email service would provide sufficient notice).

PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:21-cv-1111-TSZ) – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

   Courts have similarly approved of service by social media and website posts where, as here, such service appeared to be the "only available means of contacting" the defendants and such methods were "reasonably calculated to give notice under the circumstances because it appears Defendants may have actively concealed their identities." *Assef*, 2016 U.S. Dist. LEXIS 41597 at *11 (approving service by email and posting to the blog at issue in the case); *see also Word Ape*, 2021 U.S. Dist. LEXIS 37825 at *8-9 (approving of service by email and message via defendant's Facebook store page); *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 U.S. Dist. LEXIS 31969, *6-19 (S.D.N.Y. Mar. 7, 2013) (approving service by email and Facebook of post-complaint documents on defendants in India under FED. R. CIV. P. 4(f)(3)).

   Here, Bungie has searched publicly available information and used other investigative tools but has been unable to locate a physical address for Bansal where service can be performed. (Nixon Decl. ¶¶ 7-8.) The only contact information for service it has been able to locate is the email address which Bansal uses in connection with the Lavicheats Website, and Bungie has verified that an email to the address does not "bounce" back and is not otherwise returned as undeliverable. (*Id.* ¶¶ 9-12.) Similarly, a forum post to the Lavicheats Website—for which Bansal is the administrator—is reasonably calculated to provide notice to him, particularly when combined with email service. Under these circumstances, service by electronic means appears to be the only means of providing Bansal with notice of this lawsuit. *See Rio Properties*, 284 F.3d at 1018 (noting that, "when faced with an international ebusiness scofflaw, . . . email may be the only means of effecting service of process"). For clarity, either method of service (email or forum post) alone is permissible and comports with due process. Bungie seeks leave to serve by both methods only to ensure that all reasonable steps have been made to provide effective notice.

## CONCLUSION

   For the foregoing reasons, Bungie respectfully requests that the Court authorize Bungie to serve Bansal with the Summons and Complaint by (a) sending copies to the email address identified herein, and (b) posting a link to the Summons and Complaint in the "MediaSection" public discussion forum on the Lavicheats Website.

PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:21-cv-1111-TSZ) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1 | Dated this 17th day of September, 2021.  Respectfully submitted,

2 | FOCAL PLLC

3 | By: *s/ Stacia N. Lay*
   | *s/ Venkat Balasubramani*
4 | Stacia N. Lay, WSBA #30594
   | Venkat Balasubramani, WSBA #28269
5 | 900 1st Avenue S., Suite 201
   | Seattle, Washington 98134
6 | Tel: (206) 529-4827
   | Fax: (206) 260-3966
7 | Email: stacia@focallaw.com
   | Email: venkat@focallaw.com

Attorneys for Plaintiff Bungie, Inc.

PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:21-cv-1111-TSZ) – 7

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966