# EXHIBIT 1

| **Subject:** | NOTICE to Defendant Kunal Bansal - Service of Legal Process - Bungie, Inc. v. Bansal, et al., Case No. 2:21-cv-1111-TSZ (W.D. Wash.) |
|---|---|
| **Date:** | Thursday, September 23, 2021 at 11:40:46 AM Pacific Daylight Time |
| **From:** | Stacia Lay |
| **To:** | kunalbansal922@gmail.com |
| **CC:** | Venkat Balasubramani |
| **Priority:** | High |
| **Attachments:** | Dkt. 1 - Complaint (Bungie v. Bansal, et al.).pdf, Dkt. 10 - Order granting mtn for alt service (Bungie v. Bansal, et al.).pdf, Dkt. 6 - Issued Summons (Bungie v. Bansal, et al.).pdf |

**Attn: Defendant Kunal Bansal aka "Lavi"**

We are attorneys for Plaintiff Bungie, Inc. in the above-referenced matter.

Pursuant to the Order of the United States District Court for the Western District of Washington dated September 22, 2021 (a copy of which is attached for your reference), you – Defendant Kunal Bansal – are hereby served with the attached Summons and Complaint in the case captioned *Bungie, Inc. v. Bansal, et al.*, Case No. 2:21-cv-1111-TSZ, pending in the aforementioned Court.

The name and address of the Court is the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, Washington 98101. The name and contact information of Plaintiff's attorneys are set forth in the Summons.

Sincerely,

---

Stacia N. Lay
Attorney

**focal** PLLC | 900 1st Ave. S., Suite 201, Seattle, WA 98134 | p: 206.508.0498 | f: 206.260.3966

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>v.<br><br>KUNAL BANSAL, an individual, d/b/a LAVICHEATS.COM; and DOES 1-30, inclusive,<br><br>     Defendants. | Case No. 2:21-cv-1111<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bungie, Inc. ("**Bungie**"), for its Complaint against Defendants Kunal Bansal, d/b/a Lavicheats.com, and Does 1 through 30, hereby alleges as follows:

**INTRODUCTION**

1.     Bungie is the owner of the online, multiplayer first-person shooter video game franchise "Destiny." Bungie's most recent chapter in the Destiny franchise—Destiny 2—has been commercially successful and drawn together a strong and enthusiastic community, with tens of millions of Destiny 2 players.

2.     Defendants market, promote, distribute, sell and/or support software, known as "cheats" or "hacks", for use while playing Destiny 2 that give players using Defendants' cheats an unfair advantage over legitimate players in the Destiny 2 shared world. These cheats devalue the playing experience for Destiny 2 and have caused, and continue to cause, serious and irreparable harm to Bungie.

COMPLAINT
(Case No. 2:21-cv-1111) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

3.      Bungie asserts claims against Defendants for trafficking in circumvention devices under the Digital Millennium Copyright Act, copyright infringement, trademark infringement and other violations of the Lanham Act, as well as state law claims. Bungie is entitled to monetary damages and injunctive and equitable relief for Defendants' serious violations of Bungie's rights as described herein.

## THE PARTIES

4.      Bungie is a corporation formed under the laws of the State of Delaware, with its principal place of business located in Bellevue, Washington.

5.      Upon information and belief, Defendant Kunal Bansal, a/k/a "Lavi" ("**Bansal**" and, collectively with the other defendants, "**Defendants**"), is an individual residing in Bathinda, Punjab, India. Upon information and belief, Bansal is the owner, operator and/or administrator of the Lavicheats website, located at lavicheats.com (the "**Lavicheats Website**"), and may also act as a moderator on the Lavicheats Website and provide support to Lavicheats customers. Upon information and belief, among other activities, Bansal assists customers in completing the purchase of Lavicheats, responds to customers' questions and complaints, and actively promotes Lavicheats on other platforms or websites.

6.      Upon information and belief, Doe 1 a/k/a "Maximus" is a member of the Lavicheats support staff whose activities include, among other things, managing customer support tickets. Upon information and belief, Maximus also promotes Lavicheats on other platforms or websites.

7.      Upon information and belief, Doe 2 a/k/a "Alfred" and/or "ShaktiMaan" is a member of the Lavicheats support staff whose activities include, among other things, managing customer support tickets. Upon information and belief, Alfred/ShaktiMaan also promotes Lavicheats on other platforms or websites.

8.      Upon information and belief, Doe 3 a/k/a "Eivor" and/or "Oracle" is a member of the Lavicheats support staff whose activities include, among other things, managing customer support tickets.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

9.      The true names and capacities, whether individual, corporate, associate, partnership or otherwise of the remaining Doe defendants are unknown to Bungie at this time, who therefore sues such defendants by fictious names and aliases. Upon information and belief, each of the Doe Defendants is legally responsible in some manner for the events and happenings herein referred to and described. Bungie will seek leave of Court to amend this Complaint to show the true names and capacities of the Doe Defendants when the same have been ascertained.

10.     Upon information and belief, each of the Defendants was the agent of each of the other Defendants and, in engaging in the actions alleged herein, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121(a) because it alleges, among other claims, violations of the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1201.

12.     This Court has supplemental jurisdiction over Bungie's related state law claims under 28 U.S.C. § 1367(a) as those claims are so related to the claims under federal law as to form part of the same case or controversy.

13.     This Court has personal jurisdiction over Defendants because, as more fully described herein, Defendants have willfully infringed Bungie's copyrights and trademarks, trafficked in technology that circumvents Bungie's technological measures that control access to Bungie's copyrighted Destiny 2 game, engaged in unfair methods of competition and unfair and deceptive acts or practices directed at Bungie, and committed other intentional tortious acts directed to Washington and the United States that have caused Bungie extensive damages. As a result, Defendants have purposefully directed their activities to Washington and the United States. Further, Defendants knew or should have known that their intentional and/or willful acts would cause harm to Bungie in Washington where it is headquartered.

14.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

part of the events or omissions giving rise to the claim occurred, and Bungie's injuries were suffered, in this judicial district.

## FACTUAL ALLEGATIONS

### Bungie and the Destiny Franchise

15.     Bungie is the developer, distributor, and publisher of the online multiplayer first-person shooter video game franchise "Destiny."

16.     Destiny first launched in September 2014 and attracted more than 10 million players worldwide. The latest iteration of the game, Destiny 2, was first released for consoles (Sony Playstation 4 and Microsoft Xbox One) in September 2017, and for PCs in October 2017. Since the release of Destiny 2, Bungie has released for sale multiple expansions, or content add-ons, for the game, including the most recent expansion: "Destiny 2: Beyond Light," released in November 2020.

17.     Destiny 2 is an open, shared-world multiplayer game in which players interact with one another. The game offers two main categories of play: "PvE" or player-versus-environment, in which players cooperate to fight against computer-controlled opponents ("**NPCs**" or non-player characters), and "PvP" or player-versus-player, in which players compete against one another. Players can choose to complete some activities on their own or with a team, but many activities automatically cause players to group up, or may be difficult to complete without "fireteams" of multiple players (*e.g.*, three-player "Strikes" or six-player "Raids").

18.     Destiny 2's PvP matches are highly competitive and involve rare and highly-sought after "loot" including weapons and armor that impact a player's progression, as well as rewards and cosmetic options that permit players to show off their success to other players in-game. PvE activities also require skill and coordination among players to complete in order to obtain more powerful or sought-after gear, rewards, and weapons, which in turn affect players' progression and prestige and other aspects of the gameplay experience.

19.     The existence of "cheats" or "hacks"—software designed to give players an unfair advantage—has a significant detrimental impact on both types of activities in Destiny 2 by

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

cheapening the experience for legitimate players, undermining the significant time and effort many players put into developing their skills and the sense of achievement they gain from conquering difficult challenges through cooperation and skill.

20.     The market for online, first-person shooter games (as well as the broader market for online, multiplayer games) is highly competitive as players have many games to choose from. As a result, Destiny 2's, and therefore Bungie's, continued success depends upon building long-term relationships with players by, in part, maintaining the high quality and challenge of the gameplay experience and regularly releasing new and interesting expansions for Destiny 2.

21.     Because Destiny 2 is a "free-to-play" game, much of Bungie's revenue is generated by engaging and retaining the long-term interest of players who wish to enhance their Destiny 2 experience by purchasing "virtual goods" (*e.g.*, cosmetic upgrades and other in-game enhancements) or additional content or expansions for the game. This revenue, in turn, enables Bungie to continue to support, update, and develop new content for Destiny 2 to foster and maintain these long-term relationships with Destiny 2 players.

22.     The presence of cheats or hacks like Defendants' Lavicheats for Destiny 2 present a significant and ongoing threat to Bungie's commercial success. Cheaters gain an unfair advantage by using cheating software. Actual cheating and the mere perception of cheating frustrate players in the PvP modes, which are a significant draw for player retention; but also in the PvE modes, where success against difficult content can yield sought-after loot, rewards, and notoriety. The markers for in-game success (*e.g.*, rare weapons and armor, emblems, and seals, among others) are visible to other players in the shared world and are desirable at least in part due to their scarcity. Defendants' Lavicheats thus devalue the effort invested by legitimate players and the rewards they would have obtained but for the cheating players, or the rewards that cheating players obtain through illegitimate means. As a result, such legitimate players can and do simply stop playing Destiny 2 in favor of one of the many other available games.

23.     Thus, the existence of cheats—including but not limited to Defendants' Lavicheats—causes significant harm to Bungie's commercial success as well as its more

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

intangible, but no less important, reputation and goodwill in the Destiny 2 community.

**Bungie's Intellectual Property Rights in Destiny 2**

24.    Bungie is the owner of all rights, title and interest in the copyrights in Destiny 2 and all expansions, including but not limited to, the computer software and the audiovisual works and screen displays that software creates. These copyrights are the subject of U.S. Copyright Registration Nos. PA 2-280-030, PA 2-282-670, TX 8-933-655, and TX 8-933-658. These copyrights and the corresponding registrations are referred to herein collectively as the "**Destiny Copyrights**." True and correct copies of the registration certificates for the Destiny Copyrights are attached hereto as **Exhibits 1-4**.

25.    Bungie is also the owner of numerous trademarks associated with the Destiny franchise, including but not limited to: DESTINY; DESTINY & design (subject of U.S. Registration No. 4,321,315); DESTINY 2; DESTINY 2: LIGHTFALL (subject of U.S. Application Serial No. 88/955,399); DESTINY 2: THE WITCH QUEEN (subject of U.S. Application Serial No. 88/955,395); DESTINY 2: BEYOND LIGHT (subject of U.S. Application Serial No. 88/955,392); and DESTINY GUARDIANS (subject of U.S. Application Serial No. 90/738,891) (collectively, the "**DESTINY Marks**").

26.    Bungie began using the DESTINY and DESTINY & design marks in commerce at least as early as February 1, 2013, and since that time, Bungie's use of the marks has been continuous and exclusive in connection with video game software.

27.    Bungie's DESTINY & design mark, the subject of U.S. Registration No. 4,321,315 is pictured below:



A true and correct copy of the registration certificate for the DESTINY & design mark is

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

attached hereto as **Exhibit 5**.

28.     Bungie has expended considerable time and resources in marketing, advertising, promoting and distributing video games (and other goods and services) under the DESTINY Marks. Destiny 2, in connection with which the DESTINY Marks are used, has an estimated player base of more than 30 million players.

29.     Bungie has developed substantial goodwill and strong consumer recognition in the DESTINY Marks, which have come to be uniquely associated with Bungie. As a result, Bungie has established strong rights in the DESTINY Marks, which are entitled to broad protection.

### Bungie's Efforts to Combat Cheats and Hacks

30.     As an unfortunate consequence of the extraordinary popularity and longevity of the Destiny franchise, Destiny 2 is under constant threat from those seeking to profit off of Bungie's success as well as cheaters who wish to gain an unfair advantage over other players by selling "hacks" or "cheats". To combat the actions of such unscrupulous individuals, Bungie employs both contractual and technological measures.

*A.     Bungie's Limited Software License Agreement*

31.     As for the contractual measures, in order to access, download, or play Destiny 2, players must expressly agree to Bungie's Limited Software License Agreement[1] ("SLA"). The entire SLA is displayed to users at the time they install Destiny 2. If a user refuses to consent to the SLA, the installation stops and the program closes.

32.     Destiny 2 is made available exclusively through Bungie's proprietary servers and matching systems. Access to the servers also requires agreement to the SLA. Therefore, a user may not lawfully obtain access to or play Destiny 2 without expressly agreeing to the SLA.

33.     Bungie's SLA includes a limited license agreement between Bungie and its users

---

[1] Bungie's SLA is available at https://www.bungie.net/7/en/Legal/SLA. Bungie recently (as of August 17, 2021) modified its SLA. However, the modified version does not differ materially from the version in effect prior to August 17, 2021 with respect to the relevant provisions discussed herein. A true and correct copy of the SLA in effect prior to August 17, 2021 is attached hereto as **Exhibit 6**.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

under which users are licensed to install and use one copy of Destiny 2 for non-commercial purposes. This limited license is subject to a number of restrictions, including but not limited to the user's agreement not to: (a) "exploit [Destiny 2] or any of its parts commercially"; (b) "copy, reproduce, distribute, display or use any part of [Destiny 2] except as expressly authorized by Bungie herein"; (c) "hack or modify [Destiny 2], or create, develop, modify, distribute, or use any unauthorized software programs to gain advantage in any online or multiplayer game modes"; and (d) "receive or provide 'boosting services,' to advance progress or achieve results that are not solely based on the account holder's gameplay."

### B.     Bungie's Anti-Cheat Technologies

34.     As to the technological measures Bungie uses to combat cheats and hacks, a general explanation of how online, multiplayer games operate is necessary.

35.     First, players must install the game software client on their computers. A software client is a set of files that include artwork, 3D models, textures (*i.e.*, artwork applied to surfaces), "skins" (*i.e.*, artwork applied to character models), and an underlying game engine that creates the virtual environment and enables player interaction with the environment, NPCs, and other players.

36.     Second, the software client must connect to a remote server (the game server) owned and operated by or on behalf of the game publisher. The server runs software that connects players to each other and generates the dynamic virtual world. The game server must rapidly receive and transmit a vast amount of data among the players, and that data is used by the software client to make changes on the player's computer screen.

37.     Both components are integral to the operation of the game and the game cannot be played without both the software client and the game server. Thus, the copyrights in an online, multiplayer, shared world game extends to the dynamic virtual world created by the interactions between software client and game server, as well as the specific art files and assets contained in the software client.

38.     Bungie employs anti-cheat technologies both within the game software client and

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

on Bungie's servers. These technologies operate whenever the software client is running and must operate in order for users to play Destiny 2. These anti-cheat technologies are specifically designed to detect and/or prevent players from accessing, reading, writing, or modifying critical data used to enable multiplayer online gameplay.

39.     In the ordinary course of operation, Bungie's anti-cheat software is designed to detect whether malicious (*e.g.*, unauthorized) code or data has been inserted into a computer's memory or otherwise determine whether a Destiny 2 player is using cheating software such as Defendants' Lavicheats. If the anti-cheat software detects the presence of such cheating software, the player may be denied access to Destiny 2's multiplayer servers and/or reported to Bungie for disciplinary action.

40.     With respect to the disciplinary action, when Bungie detects that a player is using cheating software, the player's account may be suspended or banned, in which case the player may no longer access the game or Bungie's Destiny 2 servers. Bungie may also implement a "Hardware ID" ("HWID") ban against a player using cheating software. To implement a HWID ban, Bungie obtains configuration data from the player's PC sufficient to uniquely identify the PC and denies subsequent access to the game by players using that PC. An HWID ban detects and prevents banned players from obtaining access to Destiny 2 merely by creating a new account using a different email address or using another player's account from the same PC.

41.     Because Bungie's anti-cheat software is designed to detect when players are running cheating software for Destiny 2, such cheating software is specifically designed to evade detection by Bungie's anti-cheat technologies. The cheat may accomplish such avoidance or circumvention by concealing or encrypting itself or by disabling the anti-cheat software.

42.     Combatting the use of cheats or hacks in connection with Destiny 2 is an ongoing battle. Developers and distributors of cheating software, like Defendants, are continuously modifying the cheats or hacks in order to avoid detection by Bungie's anti-cheat technologies. That, in turn, requires Bungie to continuously expend substantial time and resources improving and enhancing its anti-cheat technologies to protect the gameplay experience for legitimate

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1 players.

## Defendants' Marketing, Distribution and Sale of Cheats and Hacks

43.     Upon information and belief, Defendants are engaged in marketing, advertising, promoting, distributing, selling, and/or supporting cheats or hacks for use in connection with Destiny 2 (collectively, the "**Lavicheats**"). Upon information and belief, some of the Defendants own, operate, administer, and/or moderate the Lavicheats Website and its community forums while others provide customer support and/or technical assistance; some Defendants may do both.

44.     The Lavicheats Website boasts "Next Level Cheating" and promotes Defendants' Lavicheats as "the best Cheats and Hacks for all games." In addition to cheats or hacks for Destiny 2, Defendants offer cheating software for use in connection with numerous other games from other game developers, including but not limited to Apex Legends, Overwatch, Call of Duty, Rainbow Six, League of Legends, Fortnite, Rust, and Valorant, as shown below:



45.     Upon information and belief, Defendants advertise, promote, distribute, sell, and/or provide support for two cheat software packages for Destiny 2: "Delta" and "Premium", as shown on the "store" page for Destiny 2 on the Lavicheats Website:

COMPLAINT
(Case No. 2:21-cv-1111) – 10

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966



46.     The prices for the "Destiny Delta" package range from $9.99 to $129, and the "Destiny Premium" package range from $19.90 to $249, as shown below:





COMPLAINT
(Case No. 2:21-cv-1111) – 11

47.     Defendants' Lavicheats for Destiny 2 offer a variety of features to purchasers, including but not limited to: (a) an "Aimbot" feature that automates aiming by allowing the cheating player to "snap" to a target and quickly take out other players (an action that would otherwise test the player's skill); (b) "ESP" features that display information that would not ordinarily be visible to the player, such as the location of other players or NPCs in order to target and take out those players or NPCs more quickly than would be possible for legitimate players; (c) technologies that mask players' use of the cheats while streaming their gameplay; (d) miscellaneous cheats that modify gameplay, such as providing unlimited ammo or instantly respawning the player's character after it is killed; and (e) HWID Spoofers, which allow players to hide information about their computer systems to avoid detection by anti-cheat technologies or to use computers that have been banned by Bungie (*i.e.*, that no longer have authorized access to Destiny 2).

48.     Emphasizing that the "best ways" to "get ahead" in games like Destiny 2 are "the ones that won't get you caught," the Lavicheats Website describes the typical features of these cheats (and again highlights how to avoid "getting caught and banned"):

**Destiny 2 AIMBOT**

For Destiny 2, the Aimbot comes with most hacking packages, and as it is common to first person shooter games, it was one of the first designed. A good designer can provide an Aimbot hack that is undetectable, and below are a few of the favorites currently available.

**Precision Aimbot**

Aimbots provide precision aim and efficient shooting to take out enemy players as quickly as possible. If you consistently take out players when you shouldn't really be able to, it can bring attention from the game administrators. So, unless you are not concerned about getting caught and banned, using a little discretion in how effectively you use an Aimbot would be a good idea.

- Bone Prioritization
- Aim Smoothing
- Limit Aimbot Field of Vision
- Aim at Players and NPCs
- Customizable Aimkey

**Destiny 2 ESP**

Extra Sensory Perception gives you all the information you need to take your enemies down fast. In both PvP and PvE, ESP will give you the edge over everyone thereby providing you with a wealth of information. Benefits of ESP in Destiny 2

- 3D Box
- Head Dot
- Health Bar
- Player Location
- NPC Location
- Distance Filter

Each of these options lets you know how to find other players and NPCs, their health status, and a lock on Head Dot for an easy takedown. You can also find loot and objects quicker when they are marked with a box. Some ESP hacks also give you options like Target Line of Vision. Markers for the location of enemy players, NPC's, or objects to loot can appear as textboxes

49.     Offering purchasers of Defendants' Lavicheats for Destiny 2 the ability to remain undetected while using the cheats is an essential selling point of the cheating software. For example, on the Lavicheats Website, Defendants tout their offering of the "Best Undetected

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Destiny 2 hacks and cheats". Defendants promote the Lavicheats for Destiny 2 as "Undetected",

emphasize that the best cheats (including Lavicheats) offer "quality code that will slide through

undetected during gameplay", and then offer an "Order Now" button for the "Hack" download,

as shown in the following excerpted article from the Lavicheats Website:



50.     Defendants' Lavicheats for Destiny 2 also includes features specifically designed

to aid the cheater in avoiding detection by Bungie. For example, the graphical elements of the

Lavicheats for Destiny 2 can be disabled to hide use of the cheats while players are streaming

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

their gameplay. Similarly, the "smoothing" feature modifies Aimbot in order to mask the fact

that the cheater is auto-aiming via the cheating software. In fact, at the end of the same article on

the Lavicheats Website excerpted immediately above, Defendants specifically call out Bungie's

anti-cheat measures and appear to contrast the "low quality, free hacks that are floating around"

with the purportedly high-quality, "undetected" Lavicheats offered by Defendants for Destiny 2:

> Bungie, the company that owns the publishing rites of Destiny 2, has been mostly unable to put any
> blocks up against hacks being used in the game. Players can be banned for performing blatant cheats
> and hacks as other players always have the option of turning you in if they suspect you of using hacks.
> The game administrators are running anti-cheat measures and are responsible for detecting many of the
> low quality, free hacks that are floating around.

51.   In fact, remaining undetected is so vital to the success of Defendants' Lavicheats

for Destiny 2—and therefore to Defendants' ability to reap profits from their unlawful

activities—that Defendants maintain a "Status Page" that notifies users whether a Lavicheat is

"Safe to Use" (*i.e.*, "Working"):



52.   Additionally, in marketing, promoting, selling, and/or distributing Lavicheats for

Destiny 2, Defendants prominently feature the DESTINY Marks, as well as images and artwork

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

from Destiny 2.

53. For example, the "store" pages for Defendants' Lavicheats for Destiny 2 prominently display the DESTINY Marks and artwork from Destiny 2 in close proximity to an "Add to cart" button to purchase the cheats, as shown below:





**Players' Use of Defendants' Lavicheats for Destiny 2**

54. Upon information and belief, Defendants' Lavicheats for Destiny 2 are distributed via a loader program obtained from a remote server maintained by or otherwise accessible to Defendants. After purchasing one of the Lavicheats Destiny 2 cheat packages, the loader prompts the purchaser for a login and validates the Lavicheats license.

55. Upon information and belief, after the Lavicheats license is verified, the loader "injects" the malicious cheating software code into the Destiny 2 software client on the player's

COMPLAINT
(Case No. 2:21-cv-1111) – 15

computer. This code modifies the behavior of the Destiny 2 software client and thereby causes the software to operate and appear differently for the cheating player than it does for the non-cheating player. These modifications are created with the intent and effect of providing the cheating player with a comparative—and unfair—advantage over the non-cheating player.

56.     For example, Defendants' Lavicheats create a user interface that allows the cheating players to select which features of Destiny 2 they want to alter (*i.e.*, cheat or hack) as well as features that mask their use of the cheat, as shown below:



57.     When players run Defendants' Lavicheats for Destiny 2 while playing the game, the cheat substantially alters Destiny 2's visual output and the way the game performs for the cheating player.

58.     As a result of these modifications made by Defendants' Lavicheats, Destiny 2 appears significantly different for the cheating player using the cheat than it does for legitimate players. For example, when a player is using Lavicheats, additional text, numbers, images, and angle/directional arrows may be displayed on the player's screen; the colors in which other

COMPLAINT
(Case No. 2:21-cv-1111) – 16

players' characters appear may be changed; "hit boxes" and different types of "cross-hairs" may be used; and other players' characters may appear as outlines behind walls and other obstructions.

59.     Additionally, Defendants' Lavicheats for Destiny 2 will cause the game to perform differently for the cheating player in significant ways that provide unfair advantages as against legitimate, non-cheating players. For example, the Aimbot cheat relieves the cheating player of the need to aim at a target, as it automatically "snaps" to a target and auto fires, and even permits the player to specify which part of the body to automatically target (*e.g.*, head, body, etc.). Also, when Defendants' Lavicheats is being used, the cheating players may have unlimited ammo (and therefore have no need to reload their weapons or collect additional ammunition) or may instantly "respawn" after they are killed.

60.     Each time a player plays Destiny 2 while using Defendants' Lavicheats, she or he also violates Bungie's SLA including, among others, those provisions prohibiting "hack[ing] or modify[ing] [Destiny 2]," or "us[ing] any unauthorized software programs to gain advantage in any online or multiplayer game modes", and "receiv[ing] 'boosting services,' to advance progress or achieve results that are not solely based on the account holder's gameplay." Upon information and belief, thousands of breaches of Bungie's SLA have occurred as a direct result of Defendants' activities.

61.     Upon information and belief, Defendants at all relevant times have been and are aware that the use of cheating software or hacks—including Defendants' Lavicheats for Destiny 2—are prohibited by, and therefore violate, Bungie's SLA. Defendants' emphasis in marketing and promoting their Lavicheats of the alleged undetectability of their cheats and their references to bans for players caught cheating—including referencing bans by Bungie specifically—are admissions that Defendants are aware that players using Lavicheats with Destiny 2 are violating their agreement (*i.e.*, the SLA) with Bungie.

**Lavicheats for Destiny 2 Cause Serious, Irreparable, and Ongoing Harm to Bungie**

62.     Defendants' activities described herein have caused, and are continuing to cause,

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

serious, irreparable, and ongoing harm to Bungie and the Destiny 2 community, including but not limited to the following:

(a) Defendants significantly and irreparably harm the ability of legitimate players of Destiny 2 to experience and enjoy the online, multiplayer shared-world experience meticulously created by Bungie, including the gameplay skills developed by legitimate players;

(b) As a result, in part, of the first harm, Defendants' activities cause significant harm to Bungie's reputation and the goodwill Bungie has developed amongst the Destiny 2 community, impacting the growth of Destiny 2's player base, and harming Bungie to a degree difficult or impossible to recompense solely with money damages; and

(c) As a consequence of the arms-race that exists between Bungie and cheats-sellers like Defendants, Bungie is forced to spend substantial sums of money and redirect significant resources to remediate the injuries caused by Defendants' Lavicheats for Destiny 2. These efforts include, but are not limited to, continually modifying Destiny 2 and/or the anti-cheat technologies to detect and combat the ever-changing cheats and hacks, investigating and banning players who use Lavicheats, and responding to the complaints of legitimate players whose Destiny 2 experience is devalued by the use of Lavicheats by other players.

63. These harms resulting from Defendants' activities described herein will continue to be inflicted on Bungie unless and until Defendants are preliminarily and permanently enjoined as requested in this action.

**FIRST CAUSE OF ACTION**

**(Trafficking in Circumvention Devices, 17 U.S.C. § 1201(a)(2))**

64. Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

65. Destiny 2, including but not limited to the underlying source code, screen displays, artwork, and other audiovisual elements, are copyrighted works under the laws of the United States.

66. Bungie has designed and implemented technological measures into Destiny 2 that

COMPLAINT
(Case No. 2:21-cv-1111) – 18

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

effectively control access to the game, including access to the dynamic audiovisual elements that comprise the game's virtual world and to otherwise inaccessible memory locations in which data generated by Destiny 2 is stored.

67. Defendants' Lavicheats for Destiny 2 are comprised of or contain technologies, products, services, devices, components, or parts thereof that are primarily designed or produced for the purpose of circumventing Bungie's technological measures that effectively control access to Destiny 2, a copyrighted work protected under the Copyright Act.

68. Defendants' Lavicheats for Destiny 2 have no commercially significant purpose or use other than to circumvent Bungie's technological measures that effectively control access to Destiny 2, a copyrighted work protected under the Copyright Act.

69. Defendants, and/or other persons or entities acting in concert with Defendants with their knowledge, market the Lavicheats for Destiny 2 for use in circumventing Bungie's technological measures that effectively control access to Destiny 2, a copyrighted work protected under the Copyright Act.

70. As a result of the foregoing, Defendants are importing, offering to the public, providing, or otherwise trafficking in a technology, product, service, device, component, or part thereof that violates 17 U.S.C. § 1201(a)(2).

71. Each such import, offering to the public, providing, or otherwise trafficking in circumvention technology constitutes a violation of 17 U.S.C. § 1201(a)(2).

72. Defendants' actions are willful, intentional, purposeful, and in disregard of the rights of Bungie.

73. Defendants' actions have caused damage to Bungie and has unjustly enriched Defendants, in amounts to be proven at trial.

74. Bungie is entitled to the maximum statutory damages in the amount of $2,500 per violation pursuant to 17 U.S.C. § 1203(c)(3)(A). Alternatively, Bungie is entitled to its actual damages and Defendants' profits attributable to their violations of 17 U.S.C. § 1201 pursuant to 17 U.S.C. § 1203(c)(1), (2).

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

75.     As a result of Defendants' actions described herein, Bungie has suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law. Upon information and belief, unless enjoined by this Court, Defendants will continue their unlawful activities in violation of 17 U.S.C. § 1201. Bungie, therefore, is entitled to injunctive relief to enjoin Defendants' ongoing unlawful conduct pursuant to 17 U.S.C. § 1203(b).

76.     Bungie is further entitled to its attorneys' fees and costs of this action pursuant to 17 U.S.C. § 1203(b).

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

77.     Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

78.     Destiny 2, including the underlying source code, client files, screen displays, artwork, and other audiovisual elements, constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

79.     Bungie is the owner of, or has exclusive rights in, the copyrights in Destiny 2.

80.     Users of Defendants' Lavicheats for Destiny 2 have copied, reproduced, adapted, and/or created derivative works from, and continue to copy, reproduce, adapt, and/or create derivative works from, Bungie's copyrighted work, Destiny 2, without Bungie's consent. The foregoing activities constitute direct infringement of Bungie's exclusive rights by Lavicheats' users in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

81.     Defendants are liable as contributory copyright infringers because they intentionally induced, and continue to induce, the direct infringement of the Lavicheats users as described herein. Among other actions, Defendants induce users of Defendants' Lavicheats for Destiny 2 to copy, reproduce, adapt, and/or create derivative works from Bungie's copyrighted works because when Lavicheats users download, install, and use the cheating software, they alter the gameplay and presentation of Destiny 2.

82.     Defendants are also liable as contributory copyright infringers because they know

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

of, and materially contribute to, the direct infringement of Lavicheats users as described herein. Among other activities, Defendants materially contribute to the direct infringement of Destiny 2 by selling, distributing, or otherwise making available the Lavicheats for Destiny 2, instructing users on how to install and use the Lavicheats, providing support services for installation and use of the Lavicheats for Destiny 2, and otherwise enabling users to use the Lavicheats for Destiny 2 to copy, reproduce, adapt, and/or create derivative works from Bungie's copyrighted works.

83. Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Bungie's rights.

84. Bungie is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Bungie has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Bungie's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' continued infringement harms Bungie such that Bungie could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Bungie, is continuing.

85. Bungie has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of Bungie's copyrighted works. Bungie is entitled to its actual damages and Defendants' profits, in amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b).

86. Alternatively, Bungie is entitled to the maximum statutory damages of $150,000 per infringed work for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

87. Bungie is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION

### (Vicarious Copyright Infringement, 17 U.S.C. § 101 *et seq.*)

88. Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

89. Destiny 2, including the underlying source code, client files, screen displays,

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

artwork, and other audiovisual elements, constitute original works of authorship and copyrightable subject matter under the laws of the United States.

90.     Bungie is the owner of, or has exclusive rights in, the copyrights in Destiny 2.

91.     Users of Defendants' Lavicheats for Destiny 2 have copied, reproduced, adapted, and/or created derivative works from, and continue to copy, reproduce, adapt, and/or create derivative works from, Bungie's copyrighted work, Destiny 2, without Bungie's consent. The foregoing activities constitute direct infringement of Bungie's exclusive rights by Lavicheats' users in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

92.     Defendants are liable as vicarious copyright infringers because they have the right and ability to supervise and control the infringing activities that occur as a result of users' download, installation, and/or use of Defendants' Lavicheats and, at all relevant times, have derived direct and substantial financial benefits from the direct infringement of the Lavicheats users. Nonetheless, Defendants refused, and continue to refuse, to take reasonably available steps to stop the infringement. To the contrary, Defendants take active steps to encourage and facilitate the infringement by providing support and advice regarding the download, installation, and use of the Lavicheats to avoid detection by Bungie. Defendants' entire business model is based on encouraging and facilitating the infringements by Lavicheats users.

93.     As a result, Defendants are vicariously liable for the direct infringement by Lavicheats users as described herein.

94.     Defendants' actions were and are intentional, willful, wanton, and performed in disregard of Bungie's rights.

95.     Bungie is entitled to injunctive relief pursuant to 17 U.S.C. § 502. Bungie has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Bungie's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' continued infringement harms Bungie such that Bungie could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Bungie, is continuing.

COMPLAINT
(Case No. 2:21-cv-1111) – 22

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

96.     Bungie has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of Bungie's copyrighted works. Bungie is entitled to its actual damages and Defendants' profits, in amounts to be proven at trial, pursuant to 17 U.S.C. § 504(b).

97.     Alternatively, Bungie is entitled to the maximum statutory damages of $150,000 per infringed work for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

98.     Bungie is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## FOURTH CAUSE OF ACTION

## (Trademark Infringement, 15 U.S.C. § 1114)

99.     Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

100.    Bungie is the owner of the federally registered DESTINY & design mark, U.S. Reg. No. 4,321,315.

101.    Defendants' use of the DESTINY & design mark in the marketing, advertising, promotion and sale of, or otherwise in connection with, Defendants' Lavicheats for Destiny 2, is likely to cause confusion or mistake, or deception as to the source, origin, affiliation, or endorsement of Defendants' Lavicheats.

102.    Defendants' use of the DESTINY & design mark as described herein constitutes infringement of Bungie's trademark rights in its registered mark under 15 U.S.C. § 1114.

103.    Bungie has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Bungie is therefore entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116 restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from using in commerce Bungie's DESTINY & design mark or any colorable imitation thereof.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

104.     Defendants' conduct and continuation of such conduct is knowing, willful and deliberate, and in conscious disregard of Bungie's rights in and to the DESTINY & design mark, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Bungie to an award of its reasonable attorneys' fees.

105.     Bungie is entitled to the relief provided in 15 U.S.C. § 1117(a), including but not limited to, Bungie's actual damages (which should be trebled), Defendants' profits, and the costs of this action in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

106.     Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

107.     As a result of Bungie's extensive and continuous use in commerce of its DESTINY Marks in connection with the Destiny franchise, Bungie has established significant consumer recognition of, and rights to, its DESTINY Marks.

108.     Defendants' use of the DESTINY Marks in the marketing, advertising, promotion and sale of, or otherwise in connection with, the Lavicheats for Destiny 2, constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a) that is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection or association of Defendants with Bungie, and/or (b) the origin, sponsorship or approval of Defendants' Lavicheats by Bungie.

109.     Bungie has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Bungie is therefore entitled to preliminary and permanent injunctive relief under 15 U.S.C. § 1116 restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from using in commerce Bungie's DESTINY Marks or any colorable imitation thereof.

110.     Defendants' conduct and continuation of such conduct is knowing, willful and

COMPLAINT
(Case No. 2:21-cv-1111) – 24

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

deliberate, and in conscious disregard of Bungie's rights in and to the DESTINY Marks, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling Bungie to an award of its reasonable attorneys' fees.

111.    Bungie is entitled to the relief provided in 15 U.S.C. § 1117(a), including but not limited to, Bungie's actual damages (which should be trebled), Defendants' profits, and the costs of this action in amounts to be proven at trial.

### SIXTH CAUSE OF ACTION

**(Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*)**

112.    Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

113.    Defendants' activities described herein, including but not limited to Defendants' interference with Bungie's contractual relationships with its users, exploitation of Bungie's intellectual property to unjustly enrich themselves at Bungie's expense, and unauthorized use of Bungie's trademarks, constitute unfair methods of competition and unfair and deceptive acts or practices, which are damaging to the public interest in violation of RCW 19.86.020.

114.    Defendants' unfair methods of competition and unfair and deceptive acts or practices occur in the context of Defendants' regularly conducted business or business practices.

115.    Defendants' activities described herein have injured, and will continue to cause injury to, Bungie in its business or property, including the loss of sales, users, and goodwill.

116.    Defendants' actions contravene the public interest since there is a strong public interest in having a marketplace free from deceptive acts and practices. Additionally, upon information and belief, Defendants offer more than 15 different video game cheats spanning multiple game franchises from other developers, including but not limited to Apex Legends, Overwatch, Call of Duty, Rainbow Six, League of Legends, Fortnite, Rust, and Valorant. As a result, Defendants' actions described herein have the capacity to deceive substantial portions of the public, including but not limited to players of Destiny 2 and any other games for which Defendants market, promote, distribute, or sell cheats or hacks.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

117.    Defendants' actions further contravene the public interest since there is a strong public interest in computer security and safety. Upon information and belief, Defendants' cheat software products induce users to disable antivirus and other protective measures and obtain low-level access to system resources that can transform unwitting users' personal computers into proxies for illegal activity and/or render them vulnerable to malicious software.

118.    As a result of Defendants' unfair methods of competition and unfair and deceptive acts or practices, Bungie has been damaged in an amount to be proven at trial and Bungie will continue to be irreparably damaged if Defendants' wrongful conduct is permitted to continue.

119.    Pursuant to RCW 19.86.090, Bungie is entitled to its actual damages, which should be trebled, together with its costs of suit and reasonable attorneys' fees, and an injunction restraining Defendants' unfair business practices.

## SEVENTH CAUSE OF ACTION

### (Tortious Interference With Contractual Relationship)

120.    Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

121.    As described herein, at all relevant times, in order to install and play Destiny 2, users must first agree to Bungie's SLA.

122.    Bungie's agreements with its users are valid and enforceable.

123.    Each time a user of Defendants' Lavicheats uses the cheats in connection with Destiny 2, she or he breaches Bungie's SLA. Upon information and belief, thousands of such breaches of the SLA by Defendants' customers have occurred.

124.    Upon information and belief, at all relevant times, Defendants were and are aware of the existence and relevant terms of the SLA between Bungie and its users, including but not limited to those terms prohibiting players from using Defendants' Lavicheats and other such cheats and hacks in connection with Destiny 2 and that players risk being banned if caught using such cheats and hacks.

125.    Upon information and belief, despite this knowledge, Defendants have

COMPLAINT
(Case No. 2:21-cv-1111) – 26

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

intentionally encouraged, induced, and assisted the purchase, download, installation, and use of the Lavicheats for Destiny 2, knowing that the use of Defendants' Lavicheats by their customers is a breach of those customers' agreement with Bungie.

126.    Upon information and belief, Defendants' interference with Bungie's agreement with its users as described herein was accomplished for an improper purpose and the means used were wrongful and predatory in nature.

127.    By inducing, encouraging and assisting Bungie's users to breach their agreement with Bungie, Defendants have intentionally interfered, and continue to interfere, with the agreements between Bungie and its players.

128.    As a proximate result of Defendants' actions described herein, Bungie has suffered damages in amounts to be proven at trial, including but not limited to the loss of goodwill among Bungie's players, diversion of Bungie's resources to the detection, prevention, and remediation of Defendants' Lavicheats for Destiny 2, decreased profits, and a loss of profits from players whose accounts Bungie has terminated for violation of the SLA.

129.    Defendants have further unjustly obtained proceeds attributable to the sale of the Lavicheats for Destiny 2 in the United States, and any other products or services that violate any of Bungie's rights described herein. Those proceeds, which are directly attributable to Defendants' misuse and unlawful exploitation of Bungie's Destiny 2 game and intentional interference with Bungie's agreements with its players, rightfully and equitably belong to Bungie.

130.    Bungie has been, and continues to be, irreparably damaged by the actions of Defendants alleged herein in a manner that cannot be fully measured or compensated in monetary damages and for which there is no adequate remedy at law. Bungie is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants, and their agents, employees, and all persons acting in concert with them or on their behalf, from interfering with the agreements between Bungie and its users, as well as imposition of a constructive trust over Defendants' wrongfully obtained proceeds.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment)

131.     Bungie realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as if fully set forth herein.

132.     Defendants' activities as alleged herein constitute unjust enrichment of the Defendants at the expense of Bungie.

133.     Defendants have received, and continue to receive a monetary benefit from Bungie's Destiny 2 players that purchase Defendants' Lavicheats and the corresponding inequitable exploitation of Bungie's property, namely, Destiny 2 and the servers on which it runs.

134.     Defendants received, and continue to receive, this benefit at Bungie's expense.

135.     Under the circumstances, it would be unjust for Defendants to retain the benefit and as a result, Bungie seeks an accounting and disgorgement of Defendants' ill-gotten profits in amounts to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Bungie respectfully requests that judgment be entered in its favor on each of the claims stated herein and against Defendants, and that it be awarded relief that includes, but is not limited to, an order:

1.     Preliminarily and permanently enjoining Defendants, their officers, employees, agents, representatives, subsidiaries, affiliates, distributors, and all persons or entities acting in concert with them, from:

A.     importing, offering to the public, marketing, selling, providing, distributing or otherwise trafficking in circumvention technology, including but not limited to the Lavicheats for Destiny 2;

B.     inducing, contributing to, or facilitating third-party infringements of Bungie's copyrighted works;

C.     infringing Bungie's registered and common law trademarks or falsely

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

representing or suggesting Bungie's approval, sponsorship, or endorsement, or otherwise

suggesting Bungie's affiliation with Defendants or Defendants' Lavicheats for Destiny 2;

        D.     intentionally interfering with Bungie's agreements with its Destiny 2

players; and

        E.     engaging in unfair methods of competition and unfair and deceptive acts

or practices with respect to Bungie;

2.     Requiring Defendants to immediately and permanently cease all development,

marketing, promotion, advertising, support, distribution, or other similar action of the Lavicheats

for Destiny 2 on the Lavicheats Website and any other domain, address, location or platform;

3.     Requiring Defendants to deliver to Bungie all copies of materials that have been

made or used in violation of any of Bungie's rights described herein;

4.     Requiring the destruction of all technology, devices, products, components, or

parts thereof involved in the violation of 17 U.S.C. § 1201 that are in the custody or control of

Defendants and/or which may be impounded by the Court pursuant to 17 U.S.C. § 1203(b);

5.     Requiring Defendants to provide Bungie an accounting of all sales of the

Lavicheats for Destiny 2 in the United States and any other products or services that are

determined to violate any of Bungie's rights described herein;

6.     Awarding Bungie its actual damages as well as Defendants' profits from

Defendants' violations of 17 U.S.C. § 1201 pursuant to 17 U.S.C. § 1203(c)(1) and (2), or,

alternatively, awarding Bungie maximum statutory damages of $2,500 per violation of

17 U.S.C. § 1201 pursuant to 17 U.S.C. § 1203(c)(3);

7.     Awarding Bungie its actual damages and Defendants' profits attributable to the

infringement of Bungie's copyrighted works pursuant to 17 U.S.C. § 504(b), or, alternatively,

maximum statutory damages of $150,000 per infringed work for willful copyright infringement

pursuant to 17 U.S.C. § 504(c);

8.     Awarding Bungie its actual damages—which should be trebled—and Defendants'

profits for Defendants' trademark infringement and false designation of origin and unfair

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

competition under the Lanham Act, and Defendants' violations of the Washington Consumer

Protection Act pursuant to, respectively, 15 U.S.C. § 1117 and RCW 19.86.090;

9. Awarding Bungie its damages against Defendants on Bungie's claims for tortious

interference with contractual relations and unjust enrichment;

10. Imposing a constructive trust over the proceeds unjustly obtained by Defendants

through the sales of the Lavicheats for Destiny 2 in the United States and any other products or

services that are determined to violate any of Bungie's rights described herein;

11. Awarding Bungie its full costs of suit, including but not limited to, reasonable

attorneys' fees, as permitted by law;

12. Awarding prejudgment interest as permitted by law; and

13. Such other relief as the Court deems just and proper.

Dated this 18th day of August, 2021.          Respectfully submitted,

                                              FOCAL PLLC


                                   By:  *s/ Stacia N. Lay*
                                        *s/ Venkat Balasubramani*
                                        Stacia N. Lay, WSBA #30594
                                        Venkat Balasubramani, WSBA #28269
                                        900 1st Avenue S., Suite 201
                                        Seattle, Washington 98134
                                        Tel: (206) 529-4827
                                        Fax: (206) 260-3966
                                        Email: stacia@focallaw.com
                                        Email: venkat@focallaw.com

                                        Attorneys for Plaintiff Bungie, Inc.

COMPLAINT
(Case No. 2:21-cv-1111) – 30

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Bungie, Inc.
demands trial by jury in this action of all issues so triable.

DATED: August 18, 2021

*s/ Stacia N. Lay*

Stacia N. Lay, WSBA #30594

COMPLAINT
(Case No. 2:21-cv-1111) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

EXHIBIT 1

**Registration #:**   PA0002280030
**Service Request #:**   1-10156210289

## Mail Certificate

Perkins Coie LLP
Patchen M. Haggerty
P.O. Box 2608
Seattle, WA 98111 United States

**Priority:**   Special Handling          **Application Date:**   February 10, 2021

**Note to C.O.:** Copyright application is for the multimedia elements of a videogame. Deposit materials include a written synopsis of the videogame, sound recordings, a video of gameplay, and a series of pictorial images to represent the audiovisual elements. The artwork in the deposit is collective as a whole of the videogame.

## Correspondent

**Organization Name:**   Perkins Coie LLP
**Name:**   Patchen M. Haggerty
**Email:**   pctrademarks@perkinscoie.com
**Telephone:**   (206)359-8000
**Fax:**   (206)359-9000
**Address:**   1201 Third Avenue, Suite 4900
Seattle, WA 98101 United States

**Registration Number**

# PA 2-280-030

**Effective Date of Registration:**
February 10, 2021
**Registration Decision Date:**
March 05, 2021

## Title

**Title of Work:** Destiny 2: Beyond Light

## Completion/Publication

**Year of Completion:** 2020
**Date of 1st Publication:** November 10, 2020
**Nation of 1ˢᵗ Publication:** United States

## Author

- **Author:** Bungie, Inc.
  **Author Created:** audiovisual material including music and sounds
  **Work made for hire:** Yes
  **Citizen of:** United States

- **Author:** Activision Publishing, Inc.
  **Author Created:** contributions to audiovisual material
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Bungie, Inc.
550 106th Ave NE, Suite 207, Bellevue, WA, 98004, United States
**Transfer statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** preexisting audiovisual material, music compositions and sound recordings from previous versions of "Destiny 2" videogame

**New material included in claim:** audiovisual material including musical compositions and sounds

## Rights and Permissions

**Organization Name:** Bungie Legal Department, Bungie, Inc.
**Email:** legal@bungie.com
**Address:** 550 106th Ave NE
Suite 207
Bellevue, WA 98004 United States

## Certification

**Name:** Patchen M. Haggerty
**Date:** February 10, 2021
**Applicant's Tracking Number:** 139303-6000.US04

**Correspondence:** Yes

EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

## PA 2-282-670

**Effective Date of Registration:**
March 23, 2021
**Registration Decision Date:**
March 24, 2021



## Title

**Title of Work:** Destiny 2

## Completion/Publication

**Year of Completion:** 2017
**Date of 1st Publication:** September 09, 2017
**Nation of 1st Publication:** United States

## Author

• **Author:** Bungie, Inc
**Author Created:** audiovisual material including music and sounds
**Work made for hire:** Yes
**Citizen of:** United States

• **Author:** Activision Publishing, Inc
**Author Created:** contributions to audiovisual material
**Work made for hire:** Yes
**Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Bungie, Inc
550 106th Ave NE, Suite 207, Bellevue, WA, 98004, United States
**Transfer statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** preexisting audiovisual material from prior "Destiny" videogame

**New material included in claim:** audiovisual material including musical compositions and sounds

## Rights and Permissions

**Organization Name:** Bungie Legal Department, Bungie, Inc
**Email:** legal@bungie com
**Address:** 550 106th Ave NE
Suite 207
Bellevue  WA 98004 United States

## Certification

**Name:** Patchen M  Haggerty
**Date:** March 23, 2021
**Applicant's Tracking Number:** 139303-6000 US03

**Correspondence:** Yes

EXHIBIT 3

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**TX 8-933-655**

**Effective Date of Registration:**
February 09, 2021
**Registration Decision Date:**
February 10, 2021

---

## Title
_____

**Title of Work:** Destiny 2

## Completion/Publication
_____

**Year of Completion:** 2017
**Date of 1st Publication:** September 09, 2017
**Nation of 1st Publication:** United States

## Author
_____

- **Author:** Bungie, Inc.
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** United States

- **Author:** Activision Publishing, Inc.
  **Author Created:** computer program, contributions to computer code
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant
_____

**Copyright Claimant:** Bungie, Inc.
550 106th Ave NE, Suite 207, Bellevue, WA, 98004, United States
**Transfer statement:** By written agreement

## Limitation of copyright claim
_____

**Material excluded from this claim:** computer program, previously published and third-party contributions to the computer code
**Previous registration and year:** TX0008047244, 2015

**New material included in claim:** computer program, new and revised computer code

## Rights and Permissions

|  |  |
|---:|:---|
| **Organization Name:** | Bungie Legal Department, Bungie, Inc. |
| **Email:** | legal@bungie.com |
| **Address:** | 550 106th Ave NE |
|  | Suite 207 |
|  | Bellevue, WA 98004 United States |

## Certification

|  |  |
|---:|:---|
| **Name:** | Patchen M. Haggerty |
| **Date:** | February 09, 2021 |
| **Applicant's Tracking Number:** | 139303-6000.US01 |

|  |  |
|---:|:---|
| **Correspondence:** | Yes |

EXHIBIT 4

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director

**Registration Number**

**TX 8-933-658**

**Effective Date of Registration:**
February 09, 2021
**Registration Decision Date:**
February 10, 2021

---

## Title
_____

| | |
|---|---|
| **Title of Work:** | Destiny 2: Beyond Light |

## Completion/Publication
_____

| | |
|---|---|
| **Year of Completion:** | 2020 |
| **Date of 1st Publication:** | November 10, 2020 |
| **Nation of 1st Publication:** | United States |

## Author
_____

| | |
|---|---|
| • **Author:** | Bungie, Inc. |
| **Author Created:** | computer program |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |

| | |
|---|---|
| • **Author:** | Activision Publishing, Inc. |
| **Author Created:** | computer program, contributions to computer code |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |

## Copyright Claimant
_____

| | |
|---|---|
| **Copyright Claimant:** | Bungie, Inc. |
| | 550 106th Ave NE, Suite 207, Bellevue, WA, 98004, United States |
| **Transfer statement:** | By written agreement |

## Limitation of copyright claim
_____

| | |
|---|---|
| **Material excluded from this claim:** | computer program, previously published and third-party contributions to the computer code |
| **Previous registration and year:** | TX0008047244, 2015 |
| **New material included in claim:** | computer program, new and revised computer code |

## Rights and Permissions

|  |  |
|---|---|
| **Organization Name:** | Bungie Legal Department, Bungie, Inc. |
| **Email:** | legal@bungie.com |
| **Address:** | 550 106th Ave NE |
|  | Suite 207 |
|  | Bellevue, WA 98004 United States |

## Certification

|  |  |
|---|---|
| **Name:** | Patchen M. Haggerty |
| **Date:** | February 09, 2021 |
| **Applicant's Tracking Number:** | 139303-6000.US02 |

|  |  |
|---|---|
| **Correspondence:** | Yes |

EXHIBIT 5

# United States of America

### United States Patent and Trademark Office

# D E S T I N Y



**Reg. No. 4,321,315**

**Registered Apr. 16, 2013**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

BUNGIE, INC. (DELAWARE CORPORATION)
550 106TH AVENUE NE
SUITE 207
BELLEVUE, WA 980045088

FOR: COMPUTER GAME SOFTWARE; COMPUTER GAME SOFTWARE DOWNLOADABLE FROM A GLOBAL COMPUTER NETWORK; VIDEO GAME SOFTWARE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-1-2013; IN COMMERCE 2-1-2013.

THE MARK CONSISTS OF THE STYLIZED WORD "DESTINY" AND MISCELLANEOUS DESIGN WHICH CONSISTS OF A ROUNDED THREE SIDED SHAPE POINTING DOWN WITH AN OBLONG VERTICAL SHAPE CENTERED IN THE TOP OF THE DESIGN.

SN 77-784,606, FILED 7-20-2009.

BRIAN PINO, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

EXHIBIT 6

Limited Software License Agreement   (Last updated March 6, 2020)

For all purposes, this English language version of this Agreement shall be the original, governing instrument and understanding of the parties. In the event of any conflict between this English language version of the Agreement and any subsequent translation into any other language, this English language version shall govern and control.

IMPORTANT NOTICE FOR RESIDENTS IN NORTH AMERICA ONLY: THIS AGREEMENT IS SUBJECT TO BINDING ARBITRATION AND A WAIVER OF CLASS ACTION RIGHTS AS DETAILED BELOW. SOFTWARE LICENSE AGREEMENT

USE OF THIS SOFTWARE PROGRAM (AND ANY PATCHES AND UPDATES), INCLUDING BUT NOT LIMITED TO ANY TITLES, COMPUTER CODE, THEMES, OBJECTS, CHARACTERS, CHARACTER NAMES, STORIES, DIALOG, CATCH PHRASES, LOCATIONS, CONCEPTS, ARTWORK, ANIMATION, SOUNDS, MUSICAL COMPOSITIONS, AUDIO-VISUAL EFFECTS, METHODS OF OPERATION, MORAL RIGHTS AND ANY RELATED DOCUMENTATION INCORPORATED INTO THIS SOFTWARE PROGRAM,  THE ASSOCIATED MEDIA, PRINTED MATERIALS, AND/OR ONLINE OR ELECTRONIC DOCUMENTATION (COLLECTIVELY, THE "PROGRAM") IS SUBJECT TO THIS SOFTWARE LICENSE AGREEMENT (THIS "AGREEMENT"). IF YOU ARE UNDER THE AGE OF MAJORITY IN YOUR JURISDICTION OR EIGHTEEN (18) YEARS OF AGE, WHICHEVER IS OLDER, PLEASE ASK YOUR PARENT OR GUARDIAN TO READ AND ACCEPT THIS AGREEMENT ON YOUR BEHALF BEFORE YOU USE THE PROGRAM. BY OPENING THIS PACKAGE, DOWNLOADING, INSTALLING, AND/OR USING THE PROGRAM, YOU ACCEPT THE TERMS OF THIS AGREEMENT BETWEEN YOU AND BUNGIE, INC. ("BUNGIE"). IF YOU DO NOT AGREE TO THE TERMS OF THIS AGREEMENT, YOU ARE NOT PERMITTED TO INSTALL, COPY, OR USE THE PROGRAM. IF YOU WISH TO REJECT THE TERMS OF THIS AGREEMENT, YOU MUST NOT INSTALL, COPY, OR USE THE PROGRAM.

BUNGIE'S PRIVACY POLICY AVAILABLE AT http://www.bungie.net/en/View/bungie/privacy SHALL BE DEEMED TO BE PART OF THE "AGREEMENT" ACCEPTED AND AGREED TO BY YOU AND THE TERMS OF SUCH ARE INCORPORATED HEREIN BY REFERENCE.

FOR RESIDENTS OUTSIDE NORTH AMERICA: IF YOU (OR, IF APPLICABLE, YOUR PARENT OR GUARDIAN) DO NOT AGREE TO THIS AGREEMENT, THEN YOU MUST NOT USE OR ACCESS THE PROGRAM OR ANY PART THEREOF.  BY

"CLICKING TO ACCEPT," YOU REPRESENT AND WARRANT THAT YOU ARE A
"NATURAL PERSON" WHO IS OVER THE AGE OF EIGHTEEN (18) OR WHOSE
LEGAL GUARDIAN HAS ACCEPTED AND AGREED TO THIS AGREEMENT.  IF
YOU REJECT THIS AGREEMENT, YOUR RETURN RIGHTS IN RELATION TO THE
PROGRAM ARE GOVERNED BY YOUR STATUTORY RIGHTS IN THE COUNTRY
WHERE YOU BOUGHT THE PROGRAM. NOTHING IN THIS PARAGRAPH SHALL
AFFECT YOUR STATUTORY RIGHTS. PLEASE NOTE THAT YOUR RIGHTS IN
RESPECT OF ONLINE SERVICES AND LIVE CONTENT ARE COVERED IN
SECTIONS BELOW.  YOUR USE OF THE PROGRAM SHALL BE SUBJECT TO THE
TERMS OF BUNGIE'S PRIVACY POLICY AVAILABLE AT
http://www.bungie.net/en/View/bungie/privacy.

SERVICES AND TERMS OF USE:  USE OF CERTAIN FEATURES OF THE PROGRAM,
INCLUDING ONLINE OR MULTIPLAYER COMPONENTS, OR UPDATED
FEATURES, MAY REQUIRE ASSENT TO ADDITIONAL TERMS OF SERVICE.  IF
YOU DO NOT ASSENT TO ADDITIONAL TERMS OF SERVICE, YOU MAY NOT BE
ABLE TO ACCESS OR USE ADDITIONAL GAME FEATURES.  PLEASE REVIEW
THE ADDITIONAL TERMS OF SERVICE AT
http://www.bungie.net/en/View/Bungie/terms BEFORE INSTALLING OR USING THE
PROGRAM.

LIMITED USE LICENSE: Bungie grants you the non-exclusive, personal, non-transferable,
limited right and license to install and use one copy of this Program solely for your non-
commercial use. All rights not specifically granted are reserved by Bungie. The Program is
licensed, not sold, for your use. Your license confers no title or ownership in this Program,
and should not be construed as a sale of any rights in this Program.  This Agreement shall
also apply to patches or updates you may obtain for the Program, unless that patch or update
is accompanied by additional terms as provided in the section regarding "Changes to the
Agreement" below.

LICENSE CONDITIONS: This license is subject to the following limitations ("License
Limitations"). Any use of the Program in violation of the License Limitations will result in
an immediate termination of your license, and continued use of the Program will be an
infringement of Bungie's copyrights in and to the Program. You agree that you will not do, or
allow, any of the following: (1) exploit this Program or any of its parts commercially; (2) use
this Program on more than one computer/console at the same time; (3) copy, reproduce,
distribute, display or use any part of this Program except as expressly authorized by Bungie
herein; (4) copy this Program onto a hard drive or other storage device unless the Program
itself makes a copy during installation, or unless you are downloading this Program from an
authorized Bungie online reseller; (5) use the Program in a network, multi-user arrangement,

or remote access arrangement, including any online use except as included in the Program functionality; (6) sell, rent, lease, license, distribute, or otherwise transfer this Program or any copies thereof; (7) reverse engineer, derive source code, modify, decompile, disassemble, or create derivative works of this Program, in whole or in part; (8) hack or modify the Program, or create, develop, modify, distribute, or use any unauthorized software programs to gain advantage in any online or multiplayer game modes; (9) receive or provide "boosting services," to advance progress or achieve results that are not solely based on the account holder's gameplay, (10) remove, disable, or circumvent any proprietary notices or labels contained on or within the Program; (11) export or re-export this Program in violation of any applicable laws or regulations of the United States government. VIOLATION OF THESE LICENSE CONDITIONS BY YOU OR ANY THIRD PARTY USING YOUR ACCOUNT MAY RESULT IN A SUSPENSION OR BAN, IN ADDITION TO ALL OTHER REMEDIES AVAILABLE TO BUNGIE.

LIVE AND TIME-LIMITED GAME ELEMENTS:  Your use of the Program involves interaction with Bungie's live game environment.  The Program and its live game environment change over time. Bungie does not guarantee that you will be able to participate in all events or earn all in-game achievements.  Access to some Live Content may require additional purchase.  Some in-game elements, including without limitation, Live Content associated with season passes, are made available to players for a limited time.  Where season pass Live Content is time-limited, Bungie will use reasonable efforts to communicate this to you within the Program or otherwise.  Bungie may extend the time-limit for Live Content, including season passes, at its option with or without advanced notice.  Fees charged for time-limited content are based on access to the applicable content during the time period indicated at the time of purchase, and apply whether or not you actually access the content. Season pass rewards earned during a given season must be redeemed during that season, unless Bungie elects to provide a grace period for redemption in its sole discretion.

OWNERSHIP: All title, ownership rights, and intellectual property rights in and to the Program and any copies thereof are owned by Bungie. This Program is protected by the copyright laws of the United States, international copyright treaties, and conventions and other laws. This Program contains certain licensed materials, and Bungie's licensors may protect their rights in the event of any violation of this Agreement.

PATCHES AND UPDATES:  Bungie may deploy or provide patches, updates, and modifications to the Program that must be installed for you to continue to use the Program. Bungie may update the Program remotely without notifying you, and you hereby grant to Bungie consent to deploy and apply such patches, updates, and modifications.

LIMITED WARRANTY: Bungie warrants to the original consumer purchaser of this Program that the physical media on which this Program is stored and any physical accessories (together the "Goods") will be free from defects in material and workmanship for 90 days from the date of purchase. If the Goods are found defective within 90 days of original purchase, Bungie agrees to replace, free of charge, any such defective Goods within such period, upon its receipt of the Program (postage paid, with proof of the date of purchase) so long as the Goods are still being manufactured by Bungie. If the Goods are no longer available, Bungie retains the right to substitute similar goods of equal or greater value. This warranty is limited to the Goods, as originally provided by Bungie, and is not applicable to normal wear and tear. This warranty shall not be applicable, and shall be void, if the defect has arisen through abuse, mistreatment, or neglect. Any implied warranties prescribed by statute are expressly limited to the 90-day period described above.  EXCEPT AS SET FORTH HEREIN, THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED.

For customers in EU and other countries: This warranty is provided without prejudice to your statutory rights as a consumer which will always prevail.  Bungie will only be responsible for any loss or damage you suffer that is a foreseeable result of the breach of this Agreement by Bungie or its negligence.  Nothing in this Agreement shall limit or exclude our liability for death or personal injury resulting from negligence, fraudulent misrepresentation; or any other liability that cannot be excluded or limited by English law. This section shall prevail over all other parts of this Agreement.

LIMITATION ON DAMAGES: IN NO EVENT WILL BUNGIE BE LIABLE FOR SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES RESULTING FROM POSSESSION, USE, OR MALFUNCTION OF THE PROGRAM, INCLUDING DAMAGES TO PROPERTY, LOSS OF GOODWILL, COMPUTER FAILURE OR MALFUNCTION AND, TO THE EXTENT PERMITTED BY LAW, DAMAGES FOR PERSONAL INJURIES, EVEN IF BUNGIE HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. BUNGIE'S LIABILITY SHALL NOT EXCEED THE ACTUAL PRICE PAID FOR THE LICENSE TO USE THIS PROGRAM. SOME STATES/COUNTRIES DO NOT ALLOW LIMITATIONS ON HOW LONG AN IMPLIED WARRANTY LASTS AND/OR THE EXCLUSION OR LIMITATION OF DAMAGES, SO THE ABOVE LIMITATIONS AND/OR EXCLUSIONS MAY NOT APPLY TO YOU. THIS WARRANTY GIVES YOU SPECIFIC LEGAL RIGHTS, AND YOU MAY HAVE OTHER RIGHTS WHICH VARY FROM JURISDICTION TO JURISDICTION.

TERMINATION: Without prejudice to any other rights of Bungie, this Agreement will terminate automatically if you fail to comply with its terms and conditions. In such event, you must destroy all copies of this Program and all of its component parts.  You may also terminate the Agreement at any time by permanently deleting any installation of the Program, and destroying all copies of the Program in your possession or control.  Bungie

may terminate this Agreement at any time for any reason or no reason. In such event, you must destroy all copies of the Program and all of its component parts. The License Limitations, limitation on damages, limited warranty, indemnity, and miscellaneous provisions shall survive termination of this Agreement.

U.S. GOVERNMENT RESTRICTED RIGHTS: The Program has been developed entirely at private expense and are provided as "Commercial Computer Software" or "restricted computer software." Use, duplication or disclosure by the U.S. Government or a U.S. Government subcontractor is subject to the restrictions set forth in subparagraph (c)(1)(ii) of the Rights in Technical Data and Computer Software clauses in DFARS 252.227-7013 or as set forth in subparagraph (c)(1) and (2) of the Commercial Computer Software Restricted Rights clauses at FAR 52.227-19, as applicable. The Contractor/Manufacturer is Bungie, Inc., 550 106th Ave NE #207, Bellevue, Washington 98004.

INJUNCTION: Because Bungie would be irreparably damaged if the terms of this Agreement were not specifically enforced, you agree that Bungie shall be entitled, without bond, other security, or proof of damages, to appropriate equitable remedies with respect to breaches of this Agreement, in addition to such other remedies as Bungie may otherwise have under applicable laws.

INDEMNITY: You agree to indemnify, defend, and hold Bungie, its partners, affiliates, licensors, contractors, officers, directors, employees, and agents harmless from all damages, losses and expenses arising directly or indirectly from your breach of this Agreement and/or your acts and omissions in using the Program pursuant to the terms of this Agreement.

CHANGES TO THE AGREEMENT: Except for the sections regarding "BINDING ARBITRATION" and "CLASS ACTION WAIVER" below, Bungie reserves the right, at its sole discretion, to change, modify, add to, supplement or delete any of the terms and conditions of this Agreement, at any time and by any means, including, without limitation, (1) by posting the modifications to http://bungie.net/sla; and/or (2) by requiring you to "click to accept" when Bungie upgrades or patches the Program, and your continued use of the Program constitutes your acceptance of the modifications. The changes to the Agreement will be effective upon prior notice as follows: Bungie will post the revised version of this Agreement on its website, may include the terms with a patch or update and require acceptance as part of the installation process, or may provide such other notice as Bungie may elect in its sole discretion. If any future changes to this Agreement are unacceptable to you or cause you to no longer be in compliance with this Agreement, you may terminate this Agreement and receive a refund in accordance with this Agreement. Your installation and use of any of Bungie's updates, patches or modifications to the Program or your continued use of the Program following notice of changes to this Agreement will demonstrate your

acceptance of any and all such changes.  If any future modifications are implemented as a "click to accept" agreement, you may not be able to continue using the Program unless you affirmatively accept the modified Agreement.

LIVE CONTENT: "Live Content" consists of content provided to Program users (e.g., unlockable content, gear, live events, activities, destinations, accounts, stats, virtual assets, virtual currencies, codes, and achievements) in connection with use of the Program. While the Program may allow you to "earn", "buy", or "purchase" Live Content within or in connection with gameplay, you do not in fact own or have any property interest in the Live Content.  Unless otherwise specified in writing, any Live Content that you receive is licensed to you as set forth herein, and you shall have no ownership right thereto. Unless specifically permitted by Bungie, you may not, sell, lend, rent, trade, or otherwise transfer any Live Content.  Live Content may be altered, removed, deleted, or discontinued by Bungie at any time (e.g., upon termination of this Agreement and/or cessation of online support for the Program), even if you have not "used" or "consumed" the Live Content prior to alteration, removal, deletion, or discontinuation.  Some Live Content, including without limitation, activities, maps, and gear, may be made available to players for only a limited time.  Live Content has no monetary value and does not constitute property of any type.

Without limiting the above, Live Content may include virtual coins, points or other virtual currencies ("Virtual Currency"). By purchasing or otherwise acquiring Virtual Currency, you obtain a limited license (which is revocable by Bungie at any time unless otherwise required by applicable laws) to access and select from other Live Content. Virtual Currency has no monetary value and does not constitute currency or property of any type. Virtual Currency may be redeemed for other Live Content only, if at all. Virtual Currency cannot be sold or transferred, and cannot be exchanged for cash or for any other goods and services, except for other Live Content, where applicable. Subject to applicable local law, Virtual Currency is non-refundable. You are not entitled to a refund or any other compensation such as Live Content for any unused Virtual Currency and unused Virtual Currency is non-exchangeable. There may be Live Content (should you choose to purchase it) which will require you to make a payment with real money, the amount of which will be set out in the Program. Live Content purchases are non-refundable and you acknowledge that this is the case and that you will have no right to change your mind and cancel (sometimes known as a 'cooling off' right) once your purchase is complete. Depending on your platform, any Live Content purchased, may be purchased from your platform provider and such purchase will be subject to your platform provider's Terms of Service and User Agreement.  Please check usage rights for each purchase as these may differ from item to item. Unless otherwise shown, content available in any game store has the same age rating as the game.

For SIEA users:  When accessing the Program on a Sony PlayStation® product, purchase and use of items are subject to Sony's Network Terms of Service and User Agreement. This

online service has been sublicensed to you by Sony Interactive Entertainment America.

For SIEE users:  When accessing the Program on a Sony PlayStation® product, any content purchased in an in-game store will be purchased from Sony Interactive Entertainment Network Europe Limited ("SIENE") and be subject to PlayStation™Network Terms of Service and User Agreement which is available on the PlayStation®Store. Please check usage rights for each purchase as these may differ from item to item. Unless otherwise shown, content available in any in-game store has the same age rating as the game.

AVAILABILITY:

For residents in North America:  Bungie does not guarantee that any online services, play or features associated with the Program (collectively, "Online Services") or Live Content will be available at all times or at any given time or that Bungie will continue to offer Online Services or Live Content for any particular length of time. Bungie may change and update Online Services or Live Content without notice to you. Bungie makes no warranty or representation regarding the availability of Online Services and reserves the right to modify or discontinue Online Services in its sole discretion without notice, including for example, ceasing an Online Service for economic reasons due to a limited number of users continuing to make use of the Online Service over time. NOTWITHSTANDING ANYTHING TO THE CONTRARY, YOU ACKNOWLEDGE AND AGREE THAT ONLINE SERVICES MAY BE TERMINATED IN WHOLE OR IN PART AT BUNGIE'S SOLE DISCRETION WITHOUT NOTICE TO YOU. IN CONNECTION WITH ONLINE SERVICES' TERMINATION, YOUR ABILITY TO ACCESS, USE AND PLAY THE PROGRAM MAY BE TERMINATED IN ITS ENTIRETY, AND ANY AND ALL LIVE CONTENT LICENSED TO YOU MAY BE TERMINATED. YOU ASSUME ANY AND ALL RISK OF LOSS ASSOCIATED WITH THE TERMINATION OF ONLINE SERVICES AND ANY LOSS OF LIVE CONTENT OR OTHERWISE.

For residents outside North America: Subject to the next sentence, Bungie does not guarantee that any Online Services or Live Content will be available or error-free at all times or at any given time. Bungie warrants that the Program, in addition to any Live Content which has been paid-for with real money, will substantially comply with the description provided by it at the point of purchase and be of satisfactory quality (in addition any related services provided through them will be provided with reasonable care and skill).  Bungie may change and update Online Services or Live Content without notice to you (provided always that any such changes do not result in material degradation in the functionality of the Program or any Live Content which has been paid-for with real money). Bungie makes no warranty or representation regarding the availability of Online Services and/or Live Content which are free (i.e. not paid-for with real money) and each reserve the right to modify or

discontinue them in its sole discretion without notice to you, including for example, for economic reasons due to a limited number of users continuing to make use of them over time. Bungie is not liable or responsible for any failure to perform, or delay in performance of, any of its obligations that is caused by events outside its reasonable control. If such circumstances result in material degradation in the functionality of the Program or Live Content then your obligation to make any payment to download, use or access them will be suspended for the duration of such period. Bungie is entitled to modify or discontinue Online Services and/or Live Content which are paid-for with real money in its sole discretion upon reasonable notice to you. The warranty for such Online Services and/or Live Content is provided in accordance with your statutory rights as a consumer which will always prevail. For residents in North America-- BINDING ARBITRATION AND CLASS ACTION WAIVER:

READ THIS SECTION CAREFULLY.  IT MAY SIGNIFICANTLY AFFECT YOUR LEGAL RIGHTS, INCLUDING YOUR RIGHT TO FILE A LAWSUIT IN COURT.

These BINDING ARBITRATION AND CLASS ACTION WAIVER provisions apply to you if you are domiciled in and/or acquired and use the Program in the United States. These provisions may also apply to you if you are domiciled in and/or acquired and use the Program from outside the United States. See JURISDICTION AND APPLICABLE LAW below for details.

Either party may initiate binding arbitration as the sole means to formally resolve claims, subject to the terms set forth below. Specifically, all claims arising out of or relating to this Agreement (including its interpretation, formation, performance and breach), the parties' relationship with each other and/or your use of the Program shall be finally settled by binding arbitration administered by JAMS in accordance with the provisions of its Comprehensive Arbitration Rules or Streamlined Arbitrations Rules, as appropriate, excluding any rules or procedures governing or permitting class actions. This arbitration provision is made pursuant to a transaction involving interstate commerce, and the Federal Arbitration Act (the "FAA") shall apply to the interpretation, applicability, enforceability and formation of this Agreement notwithstanding any other choice of law provision contained in this Agreement.  The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of this Agreement, including without limitation any claim that all or any part of this Agreement is void or voidable, or whether a claim is subject to arbitration. The arbitrator shall be empowered to grant whatever relief would be available in a court under law or in equity. The arbitrator's award shall be binding on the parties and may be entered as a judgment in any court of competent jurisdiction.

The JAMS Rules governing the arbitration may be accessed at http://www.jamsadr.com/ or by calling JAMS at (800) 352-5267. Your arbitration fees and your share of arbitrator compensation shall be governed by the JAMS Comprehensive Arbitration Rules and, to the extent applicable, the Consumer Minimum Standards, including the then-current limit on arbitration filing fees. To the extent the filing fee for the arbitration exceeds the cost of filing a lawsuit, Bungie will pay the additional cost. The parties understand that, absent this mandatory provision, they would have the right to sue in court and have a jury trial. They further understand that, in some instances, the costs of arbitration could exceed the costs of litigation and the right to discovery may be more limited in arbitration than in court.

Location: If you are a resident of the United States, arbitration will take place at any reasonable location within the United States convenient for you. For residents outside the United States, arbitration shall be initiated in King County, Washington, and you agree to submit to the personal jurisdiction of any federal or state court in King County, Washington, in order to compel arbitration, to stay proceedings pending arbitration, or to confirm, modify, vacate, or enter judgment on the award entered by the arbitrator.

Class Action Waiver: The parties further agree that any arbitration shall be conducted in their individual capacities only and not as a class action or other representative action, and the parties expressly waive their right to file a class action or seek relief on a class basis. YOU, ON THE ONE HAND, AND BUNGIE, ON THE OTHER HAND, AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. If any court or arbitrator determines that the class action waiver set forth in this paragraph is void or unenforceable for any reason or that an arbitration can proceed on a class basis, then the arbitration provision set forth above shall be deemed null and void in its entirety and the parties shall be deemed to have not agreed to arbitrate disputes.

Exception - Litigation of Intellectual Property and Small Claims Court Claims: Notwithstanding the parties' decision to resolve all disputes through arbitration, either party may bring an action in state or federal court that only asserts claims for patent infringement or invalidity, copyright infringement, moral rights violations, trademark infringement, and/or trade secret misappropriation, but not, for clarity, claims related to the license granted to you for the Program under this Agreement. Either party may also seek relief in a small claims court for disputes or claims within the scope of that court's jurisdiction.

30 Day Right to Opt Out: You have the right to opt-out and not be bound by the arbitration and class action waiver provisions set forth in the "Binding Arbitration," "Location," and "Class Action Waiver" paragraphs above by sending written notice of your decision to opt-

out to the following address: Bungie, Inc.,  550 106th Ave NE #207, Bellevue, Washington 98004, Attn: Legal. The notice must be sent within 30 days of purchasing the Program (or if no purchase was made, then within 30 days of the date on which you first access or use the Program and agree to these terms); otherwise you shall be bound to arbitrate disputes in accordance with the terms of those paragraphs. If you opt-out of these arbitration provisions, Bungie also will not be bound by them.

Changes to this Section:  Bungie will provide 60-days' notice of any changes to these sections regarding "BINDING ARBITRATION" and "CLASS ACTION WAIVER." Changes will become effective on the 60th day and will apply prospectively only to any claims arising after the 60th day.

MISCELLANEOUS: This Agreement is the complete agreement concerning this license between the parties and supersedes all prior agreements and representations between them. If any provision of this Agreement is held to be unenforceable for any reason, such provision shall be reformed only to the extent necessary to make it enforceable and the remaining provisions of this Agreement shall not be affected. To the extent permitted by applicable law: (i) this Agreement shall be construed under Washington law as such law is applied to agreements between Washington residents entered into and to be performed within Washington, except as governed by federal law, and (ii) you consent to the exclusive jurisdiction of the state and federal courts in King County, Washington.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 121 (Rev. 06/16)

| TO:<br><br>**Register of Copyrights**<br>**U.S. Copyright Office**<br>**101 Independence Ave. S.E.**<br>**Washington, D.C. 20559-6000** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION      ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| DOCKET NO.          DATE FILED | |
| PLAINTIFF | DEFENDANT |

| COPYRIGHT<br>REGISTRATION  NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment      ☐ Answer      ☐ Cross Bill      ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | . | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order      ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes      ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

DISTRIBUTION:

1) Upon initiation of action,
   mail copy to Register of Copyrights

2) Upon filing of document adding copyright(s),
   mail copy to Register of Copyrights

3) Upon termination of action,
   mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court

5) Case File Copy

AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ on the following

☐ Trademarks or ☐ Patents. ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| PLAINTIFF | | DEFENDANT |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | |
|---|---|---|
| | ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director      Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director      Copy 4—Case file copy**

JS 44 (Rev. 04/21)

Case 2:21-cv-01111   Document 1-10   Filed 08/18/21   Page 1 of 2

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BUNGIE, INC., a Delaware corporation | KUNAL BANSAL, an individual, d/b/a LAVICHEATS.COM; DOES 1-30, INCLUSIVE |

**(b)** County of Residence of First Listed Plaintiff    King County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stacia N. Lay / Venkat Balasubramani
Focal PLLC, 900 1st Ave. S., Ste. 201, Seattle, WA 98134

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| [ ] 140 Negotiable Instrument |    Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | [x] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' |    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |    Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
|    Student Loans | [ ] 340 Marine |    Injury Product | |    New Drug Application | [ ] 470 Racketeer Influenced and |
|    (Excludes Veterans) | [ ] 345 Marine Product |    Liability | | [ ] 840 Trademark |    Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
|    of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending |    Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |    Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal |    Property Damage |    Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |    Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - |    Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff |    Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ |    Sentence | |    or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |    Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | [ ] 462 Naturalization Application | |    Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| |    Other | [ ] 550 Civil Rights |    Actions | |    State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17 U.S.C. 501, 1201; 15 U.S.C. 1114, 1125

Brief description of cause:
Trafficking in circumvention devices, copyright & trademark infringement, and related claims.

### VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
Aug 18, 2021

SIGNATURE OF ATTORNEY OF RECORD
s/ Stacia N. Lay

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| KUNAL BANSAL, an individual, d/b/a | ) |
| LAVICHEATS.COM; and | ) |
| DOES 1-30, INCLUSIVE | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No. 2:21-cv-1111

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* KUNAL BANSAL, d/b/a LAVICHEATS.COM

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Stacia N. Lay
Venkat Balasubramani
Focal PLLC
900 1st Ave. S., Suite 201
Seattle, WA 98134

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _08/20/2021_

_____
*Signature of Clerk or Deputy Clerk*

Civil Action No.  2:21-cv-1111

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC., a Delaware corporation,

     Plaintiff,

v.

KUNAL BANSAL, an individual, d/b/a
LAVICHEATS.COM; and DOES 1-30,
inclusive,

     Defendants.

Case No. 2:21-cv-1111-TSZ

PLAINTIFF BUNGIE, INC.'S *EX PARTE*
MOTION FOR ALTERNATIVE SERVICE

     Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Bungie, Inc. seeks leave to effectuate service of process upon Defendant Kunal Bansal by (1) email and (2) posting to the forum on the website operated by Defendant (lavicheats.com). Bungie's request complies with Rule 4(f)(3) because service by these methods does not contravene any international agreement governing service of process and is reasonably calculated to give notice to Bansal.

## FACTUAL BACKGROUND

**A.    Bungie and Defendants' Distribution and Sale of "Cheats" and "Hacks"**

     Bungie is the owner of the online, multiplayer first-person shooter video game franchise "Destiny", including the most recent chapter in the franchise, "Destiny 2." (Dkt. 1 at ¶ 1.) Defendant Kunal Bansal—via the website he operates, Lavicheats.com (the "Lavicheats Website")—markets, distributes, sells, and offers support for software "cheats" or "hacks" for Destiny 2 that give players using them an unfair advantage. (Dkt. 1 at ¶¶ 2, 5.)

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Based on Bungie's investigation, Bansal – sometimes using the alias "Lavi" or the user name "kunalbansal" – conducts his business marketing, selling, distributing, and supporting the cheating software for Destiny 2 entirely online via the Lavicheats Website and other online platforms where the Lavicheats are promoted and supported. (Declaration of Allison Nixon in Support of Plaintiff's *Ex Parte* Motion for Alternative Service ¶¶ 3-6.) Customers select and purchase the cheating software via the Lavicheats Website online store, pay for the cheating software via online payment processors, and are directed to download the cheating software once the license key is validated. (*Id.* ¶ 4; Dkt. 1 at ¶¶ 44-46, 54-55.) The Lavicheats Website does not include any physical address for the business or Bansal nor does it identify any business entity as the owner or operator of the website and its business. Lavicheats also does not appear to be a registered business entity based on Bungie's investigation to date. (Nixon Decl. ¶ 7.) Similarly, the public "Whois" data for the Lavicheats Website domain name reflects that the domain is registered using a "privacy" service that hides the address of the registrant. (*Id.* ¶ 8.)

On August 18, 2021, Bungie filed its Complaint against Bansal (and Doe Defendants) alleging claims for trafficking in circumvention devices under the Digital Millennium Copyright Act, contributory and vicarious copyright infringement, trademark infringement and other violations of the Lanham Act, as well as claims under Washington law. (*See generally* Dkt. 1.)

**B. Bungie's Efforts to Discover a Physical Address for Bansal Have Been Unsuccessful**

As part of its investigation of Defendants' cheating software for Destiny 2, Bungie identified Bansal (a/k/a "Lavi") as the individual primarily responsible for the operation of the Lavicheats Website through which the Lavicheats for Destiny 2 are marketed and sold. (Nixon Decl. ¶¶ 3-5.) Bungie has not been able to locate a physical address for Bansal, only that he is believed to live in or near Bathinda, India. (*Id.* ¶¶ 5, 7.) Bathinda, a district in Punjab province, has a population of more than 1.3 million people, and the population of Bathinda city proper is more than 280,000 people.[1]

---

[1] According to the most recent Census of India information available, the population of the

**focal PLLC**
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**C.    Bungie's Identification of Alternative Means to Notify Bansal**

While its attempts to locate Bansal's physical address have been unsuccessful, Bungie has found an email address associated with Bansal and the Lavicheats Website. (Nixon Decl. ¶¶ 7-9.) The email address – kunalbansal922@gmail.com – was identified by reviewing information provided by the domain name registrant for the Lavicheats Website as the point of contact for technical issues related to the domain. (*Id.* ¶ 9.) Subsequent investigation identified an active telephone number tied to Bansal, which in turn was associated with that email address. (*Id.* ¶ 10.) Bungie has also determined that the email address is active, as an email sent to the address did not "bounce" back nor was it otherwise flagged as undeliverable. (*Id.* ¶¶ 11-12.)

Additionally, the Lavicheats Websites hosts several public discussion forums, including one—the "MediaSection" forum—to which it appears visitors may post. (Declaration of Stacia N. Lay in Support of Plaintiff's *Ex Parte* Motion for Alternative Service ¶¶ 4-5, Ex. 2.) Bansal, using the alias "Lavi", is identified as an administrator on the Lavicheats Website and is currently active and a frequent poster on the website. (Lay Decl. ¶ 3, Ex. 1.)

## ARGUMENT

Under FED. R. CIV. P. 4(f)(3), courts have discretion to allow service on a foreign party by alternative means if the proposed method of service is not prohibited by an international agreement and satisfies constitutional due process standards. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002). As detailed below, serving Bansal by email and posting to the Lavicheats Website forum satisfies both elements. Additionally, "[p]arties are not required to attempt service by other methods before petitioning the court for alternative service of process[.]" *Rubie's Costume Co v. Yiwu Hua Hao Toys Co.*, No. 2:18-cv-01530-RAJ, 2019 U.S. Dist. LEXIS 204380, *4 (W.D. Wash. Nov. 25, 2019); *see also Rio Properties*, 284

---

Bathinda district was 1,388,525 people and that of Bathinda city was 285,788. *See* https://www.census2011.co.in/census/district/599-bathinda.html (last visited Aug. 12, 2021); https://www.census2011.co.in/census/city/16-bathinda.html (same). Such census information is subject to judicial notice. *See Reed v. Gen. Mills, Inc.*, No. C19-0005-JCC, 2019 U.S. Dist. LEXIS 99388, *9 (W.D. Wash. June 13, 2019).

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

F.3d at 1015 (rejecting argument that Rule 4(f) establishes a hierarchy of preferred methods of service and noting that Rule 4(f)(3) "includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means").

**A.    Serving by Email and Forum Post Does Not Contravene International Agreements**

There is no international agreement prohibiting service by the means requested. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") does not apply when a foreign defendant's physical address is unknown, and as a result, does not prohibit service of such a defendant by email or website posting. *See Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, Art. I, *available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited Aug. 12, 2021) ("This Convention shall not apply where the address of the person to be served with the document is not known.").

Even if the Hague Convention were relevant here – which it is not, because Bungie has been unable to locate Bansal's physical address – the Court can still authorize service by email and website posting. *See Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269, *40 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention."); *see also Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) (approving of email service despite India's objection to Article 10 of the Hague Convention relating to service by "postal channels" because "India did not expressly object to electronic mail as a means of service").

**B.    Service by Email and Forum Post Meets the Constitutional Due Process Standard**

Service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation marks omitted). The Ninth Circuit has interpreted Rule 4(f)(3) to allow service on foreign

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

defendants by email consistent with due process where they cannot be reached by other means or have no known physical address. *Id.* at 1017-18. Similarly, courts have authorized service by social media and online posting. *See, e.g.*, *Assef v. Doe*, No. 15-cv-01960-MEJ, 2016 U.S. Dist. LEXIS 41597, *11 (N.D. Cal. Mar. 28, 2016) (approving of service by email and blog post).

In *Rio Properties*, for example, the court found that email was the service method "most likely to reach" a defendant who operated a website from Costa Rica with no discoverable street address in the United States or Costa Rica, and who only provided an email address for contact information. 284 F.3d at 1017-18. The defendant "had neither an office nor a door; it had only a computer terminal. If any method of communication is reasonably calculated to provide [defendant] with notice, surely it is email – the method of communication which [defendant] utilizes and prefers." *Id.* at 1018. Similarly, the court allowed email service on defendants located in China "given [plaintiff's] showing that Defendants' address is unknown but active email addresses are available and that email reasonably is calculated to provide Defendants notice of the lawsuit and comport with due process." *Will Co. v. Lee*, No. C20-5802 BHS, 2021 U.S. Dist. LEXIS 15621, *3-4 (W.D. Wash. Jan. 27, 2021) (noting that plaintiff sent messages to the email addresses and, while no responses were received, the emails "did not bounce back").

Other decisions have found that email service is permissible and does not raise due process concerns where, as here, the plaintiff "has made a reasonable effort to locate a physical address for service" but has been unsuccessful. *See, e.g.*, *Word Ape, LLC v. Pawico*, No. 2:20-cv-01768-DWC, 2021 U.S. Dist. LEXIS 37825, *8-9 (W.D. Wash. Jan. 4, 2021) (noting that the plaintiff had made such a reasonable effort, including attempting to serve the address the corporate defendant listed on its website and using a national business registry to determine if defendant was registered in any state); *see also Amazon.com Inc. v. Sirowl Tech.,* No. 2:20-cv-01217-RSL-JRC, 2020 U.S. Dist. LEXIS 228235, *7-8 (W.D. Wash. Dec. 4, 2020) (finding email service permissible as plaintiffs "demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet," such that email service would provide sufficient notice).

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Courts have similarly approved of service by social media and website posts where, as here, such service appeared to be the "only available means of contacting" the defendants and such methods were "reasonably calculated to give notice under the circumstances because it appears Defendants may have actively concealed their identities." *Assef*, 2016 U.S. Dist. LEXIS 41597 at *11 (approving service by email and posting to the blog at issue in the case); *see also Word Ape*, 2021 U.S. Dist. LEXIS 37825 at *8-9 (approving of service by email and message via defendant's Facebook store page); *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 U.S. Dist. LEXIS 31969, *6-19 (S.D.N.Y. Mar. 7, 2013) (approving service by email and Facebook of post-complaint documents on defendants in India under FED. R. CIV. P. 4(f)(3)).

Here, Bungie has searched publicly available information and used other investigative tools but has been unable to locate a physical address for Bansal where service can be performed. (Nixon Decl. ¶¶ 7-8.) The only contact information for service it has been able to locate is the email address which Bansal uses in connection with the Lavicheats Website, and Bungie has verified that an email to the address does not "bounce" back and is not otherwise returned as undeliverable. (*Id.* ¶¶ 9-12.) Similarly, a forum post to the Lavicheats Website—for which Bansal is the administrator—is reasonably calculated to provide notice to him, particularly when combined with email service. Under these circumstances, service by electronic means appears to be the only means of providing Bansal with notice of this lawsuit. *See Rio Properties*, 284 F.3d at 1018 (noting that, "when faced with an international ebusiness scofflaw, . . . email may be the only means of effecting service of process"). For clarity, either method of service (email or forum post) alone is permissible and comports with due process. Bungie seeks leave to serve by both methods only to ensure that all reasonable steps have been made to provide effective notice.

## CONCLUSION

For the foregoing reasons, Bungie respectfully requests that the Court authorize Bungie to serve Bansal with the Summons and Complaint by (a) sending copies to the email address identified herein, and (b) posting a link to the Summons and Complaint in the "MediaSection" public discussion forum on the Lavicheats Website.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1    Dated this 17th day of September, 2021.      Respectfully submitted,

2            FOCAL PLLC

3            By:   *s/ Stacia N. Lay*

4                *s/ Venkat Balasubramani*
               Stacia N. Lay, WSBA #30594

5                Venkat Balasubramani, WSBA #28269
               900 1st Avenue S., Suite 201

6                Seattle, Washington 98134
               Tel: (206) 529-4827

7                Fax: (206) 260-3966
               Email: stacia@focallaw.com

8                Email: venkat@focallaw.com

9            Attorneys for Plaintiff Bungie, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation, | Case No. 2:21-cv-1111-TSZ |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE |
| KUNAL BANSAL, an individual, d/b/a LAVICHEATS.COM; and DOES 1-30, inclusive, | |
| Defendants. | |

THIS MATTER came before the Court on Plaintiff's *Ex Parte* Motion for Alternative Service ("Motion"), docket no. 7. The Court, having considered Plaintiff's Motion and supporting Declarations and being fully apprised on the matter, hereby ORDERS as follows:

1.      Plaintiff's Motion is GRANTED;

2.      Pursuant to FED. R. CIV. P. 4(f)(3), Plaintiff is authorized to serve Defendant Kunal Bansal with the Summons and Complaint by (a) sending copies to the email address kunalbansal922@gmail.com, and (b) posting a link to the Summons and Complaint in the "MediaSection" public discussion forum on the Lavicheats website, lavicheats.com.

SO ORDERED this 22nd day of September, 2021.

Thomas S. Zilly
United States District Judge

ORDER GRANTING MTN FOR ALTERNATIVE SERVICE (Case No.
2:21-cv-1111-TSZ) – 1