HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC., a Delaware corporation,

     Plaintiff,

v.

KUNAL BANSAL, an individual, d/b/a
LAVICHEATS.COM,

     Defendant.

Case No. 2:21-cv-1111-TL

[PROPOSED] ORDER GRANTING
PLAINTIFF BUNGIE, INC.'S MOTION
FOR DEFAULT JUDGMENT AGAINST
DEFENDANT KUNAL BANSAL AND
PERMANENT INJUNCTION

THIS MATTER came before the Court on Plaintiff Bungie, Inc.'s Motion for Default Judgment Against Defendant Kunal Bansal. Having considered Plaintiff's Motion and supporting declarations, the Court hereby ORDERS as follows:

1.    Judgment shall be entered against Defendant Kunal Bansal in the amount of $6,700,973.34, which reflects the following amounts:

    a.    $5,580,000 in statutory damages for violation of the Digital Millennium Copyright Act pursuant to 17 U.S.C. § 1203(c)(3)(A);

    b.    $300,000 in statutory damages based on willful infringement of two copyrighted works, pursuant to the Copyright Act, 17 U.S.C. § 504(c);

    c.    $579,270 consisting of Defendant's profits for trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1117(a);

    d.    Attorneys' fees and costs in the amount of $241,703.34 (consisting of

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

$183,850.71 in attorneys' fees and $57,852.63 in costs, including expert fees), pursuant to 17 U.S.C. §§ 505, 1203(b), 15 U.S.C. § 1117(a), and RCW 19.86.090.

2.      Additionally, Defendant, all persons acting under Defendant's direction or control – including but not limited to Defendant's agents, representatives, and employees – and those persons or entities in active concert or participation with them who receive actual notice of this Order and Permanent Injunction by personal service or otherwise, shall immediately and permanently cease and desist from any of the following:

a.      taking any steps (directly or indirectly through third parties) to create, distribute, advertise, market, resell, or otherwise make available software referenced in the Complaint in this action that is designed to be used with *Destiny 2* (the "Cheating Software"), or any software whose use infringes Intellectual Property owned or controlled by Bungie, Inc. or its parents, subsidiaries, or affiliates of which Bungie, Inc. has heretofore made Defendant actually aware (collectively, "Bungie"), circumvents technological measures that effectively control access to Bungie's games (including but not limited to *Destiny 2* and its expansions), violates Bungie's Limited Software License Agreement ("SLA"), or is designed to exploit or enable the exploitation of *Destiny 2* or any other game owned, published, distributed, or operated by Bungie;

b.      obtaining, possessing, accessing or using the Cheating Software or any software whose use by Defendant infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of *Destiny 2* or any other game owned, published, or operated by Bungie;

c.      promoting, advertising, or encouraging or inducing others to purchase or use – including via any social media account, website, or video-sharing account – the Cheating Software or any software whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, violates the SLA, or is

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1  designed to exploit or enable the exploitation of *Destiny 2* or any other game owned, published,

2  or operated by Bungie;

3        d.     selling, reselling, or processing payments for the Cheating Software or any

4  software whose use infringes any of Bungie's Intellectual Property, circumvents technological

5  measures that effectively control access to Bungie's games, violates the SLA, or is designed to

6  exploit or enable the exploitation of *Destiny 2* or any other game owned, published, or operated

7  by Bungie;

8        e.     assisting in any way with the development of the Cheating Software or

9  any software whose use infringes any of Bungie's Intellectual Property, circumvents

10  technological measures that effectively control access to Bungie's games, violates the SLA, or is

11  designed to exploit or enable the exploitation of *Destiny 2* or any other game owned, published,

12  or operated by Bungie;

13        f.     sharing, copying, transferring, or distributing the Cheating Software or any

14  software whose use infringes any of Bungie's Intellectual Property, circumvents technological

15  measures that effectively control access to Bungie's games, violates the SLA, or is designed to

16  exploit or enable the exploitation of *Destiny 2* or any other game owned, published, or operated

17  by Bungie;

18        g.     publishing or distributing any source code or instructional material for the

19  creation of the Cheating Software or any software whose use infringes any of Bungie's

20  Intellectual Property, circumvents technological measures that effectively control access to

21  Bungie's games, violates the SLA, or is designed to exploit or enable the exploitation of

22  *Destiny 2* or any other game owned, published, or operated by Bungie;

23        h.     operating, assisting, or linking to any website designed to provide

24  information to assist others in accessing, developing or obtain the Cheating Software or any

25  software whose use infringes any of Bungie's Intellectual Property, circumvents technological

26  measures that effectively control access to Bungie's games, violates the SLA, or is designed to

27  exploit or enable the exploitation of *Destiny 2* or any other game owned, published, or operated

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

by Bungie;

    i.  reverse engineering, decompiling, packet editing, or otherwise manipulating without authorization, any game owned, published, or operated by Bungie, including *Destiny 2*, or providing assistance to any person or entity engaged in such activities; and

    j.  investing or holding any financial interest in any enterprise which Defendant knows or has reason to know is now, or intends in the future to be, engaged in any of the foregoing activities prohibited by this Order and Permanent Injunction.

  3.  Defendant shall take all necessary steps to disable, remove, or otherwise shut down any social network accounts under his control dedicated to the distribution or promotion of the Cheating Software, or any other software whose use infringes any of Bungie's Intellectual Property Rights, circumvents technological measures that effectively control access to Bungie's games, or violates the SLA, and shall take all necessary steps to remove any information on any non-dedicated (*e.g.*, personal) social network accounts under his control used to distribute or promote any of the foregoing.

  4.  Defendant is ordered to transfer, destroy, disable, and remove the Cheating Software and any software product whose use infringes any of Bungie's Intellectual Property, circumvents technological measures that effectively control access to Bungie's games, or violates the SLA, or is designed to exploit or enable the exploitation of *Destiny 2* or any other game owned, published, or operated by Bungie.

  5.  Any company or entity that Defendant controls in the future shall also comply with the provisions of this Order and Permanent Injunction.

  6.  Nothing contained in this Order and Permanent Injunction shall limit the right of the Parties to seek relief including but not limited to damages for any and all infringements of any Intellectual Property rights occurring after the date of this Order and Permanent Injunction.

  7.  The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement

[PROPOSED] ORDER GRANTING MTN FOR DEFAULT JUDGMENT
(Case No. 2:21-cv-1111-TL) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1    and enforce the provisions of this Order and Permanent Injunction.

2           SO ORDERED this _____ day of _____, 2023.

3

4                                      _____

5                                      TANA LIN
                                       UNITED STATES DISTRICT JUDGE
6

7

8    Presented by:

9    FOCAL PLLC

10   By:   *s/ Stacia N. Lay*
           *s/ Venkat Balasubramani*
11         Stacia N. Lay, WSBA #30594
           Venkat Balasubramani, WSBA #28269
12         900 1st Avenue S., Suite 201
           Seattle, Washington 98134
13         Tel: (206) 529-4827
           Fax: (206) 260-3966
14         Email: stacia@focallaw.com
           Email: venkat@focallaw.com
15
     Attorneys for Plaintiff Bungie, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966