UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KUNAL BANSAL, an individual, d/b/a LAVICHEATS.COM,<br><br>　　　　　　　Defendant. | CASE NO. 2:21-cv-01111-TL<br><br>ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on Plaintiff Bungie, Inc.'s Motion to Seal (Dkt. No. 45). Having reviewed the unopposed Motion and all supporting materials, the Court GRANTS the Motion.

## I.   BACKGROUND

With its Motion for Entry of Default Judgment, Bungie has filed an unredacted declaration of James Barker. *See* Dkt. No. 47 (sealed). The declaration contains nonpublic information about how the cheating software Bansal sold circumvented Bungie's technological measures designed to restrict access to the Destiny 2 videogame and non-public information

about Bungie's anti-cheat prevention efforts. In support of the Motion to Seal, Barker avers that the information in his sealed declaration contains "non-public information about Bungie's game security and anticircumvention features and specific non-public details of how the cheat software sold by Bansal interacted with, and infringed upon, Bungie's *Destiny 2* video game." Dkt. No. 46 ¶ 3. Barker also asserts that "[p]ublic disclosure of this information would likely cause Bungie immediate and irreparable harm by exposing Bungie's trade secrets and proprietary security and anticircumvention technology to cheat manufacturers, providing them with a how-to manual for attacking *Destiny 2* and harming Bungie." *Id*. ¶ 4. Barker also avers that "[d]isclosing such technical and proprietary information to competitors would also harm Bungie." *Id*.

## II.    DISCUSSION

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." *Id*. If not, then the good cause standard will apply.

Here, the compelling interest standard applies to the Motion to Seal because the documents at issue have been filed in support of Bungie's Motion for Entry of Default Judgment which directly concerns the merits of this action and are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101. "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97. The court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and quotation omitted). Examples of compelling

reasons include when a court record might be used to "gratify private spite or promote public scandal," to circulate "libelous" statements, or "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598–99 (1978).

Bungie has provided sufficient compelling reasons to maintain the sealing of Barker's Declaration filed with the Motion for Entry of Default Judgment. Barker's declaration filed in support of the Motion to Seal explains cogently that all of the publicly redacted information from his other declaration concerns non-public information whose revelation could allow for the creation of new cheats to the Destiny 2 videogame and allow Bungie's competitors an unfair competitive advantage. Allowing public access could therefore expose Bungie to the very harm it claims to have suffered from the sale of the Bansal cheats. Although Barker's declaration in support of sealing is not robust or particularly detailed, the Court is satisfied that it provides sufficient evidence to find compelling interests that outweigh the public's right of access. And the Court notes that the public has broad access to the majority of the filings, which allow for an understanding of the merits of the issues presented in the Motion for Entry of Default Judgment.

### III. CONCLUSION

Accordingly, the Court GRANTS the Motion and DIRECTS the Clerk to maintain under seal the Declaration of James Barker filed in Docket Entry 47.

Dated this 5th day of May 2023.

Tana Lin
United States District Judge